**Andrea M. McCLEARY and Eleanor Williams, etc.**

v.

**REALTY INDUSTRIES, INC., etc and Carla Hills, Secretary, U. S. Dept. of Housing & Urban Development.**

**Civ. A. No. CA 75–0258–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Sept. 18, 1975.

Robert F. Flinn, John M. Levy, Neighborhood Legal Aid Society, Inc., Richmond, Va., for plaintiffs.

Robert P. Buford, A. J. T. Byrne, Hunton, Williams, Gay & Gibson, Richmond, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

Plaintiffs Andrea M. McCleary and Eleanor Williams[1] bring this action for declaratory and injunctive relief on behalf of themselves individually and as representatives of a purported class composed of all persons who presently or in the future will reside in multifamily apartment complexes constructed, financed, or operated in the State of Virginia pursuant to § 236 of the National Housing Act of 1968, 12 U.S.C. § 1715z–1. Named as defendants in the action are Realty Industries, Inc., a Virginia corporation which operates Fair Oaks Apartments, a § 236 housing project in which the named plaintiff resides, all other § 236 housing project operators in the State of Virginia, and the Secretary of the Department of Housing and Urban Development, under whose authority the nationwide program of § 236 housing projects is administered.

The named plaintiff claims a denial of her due process rights under the Fifth and Fourteenth Amendments in that her lease was terminated by defendant Realty without any notice of the reasons therefor, and without being informed of her right to a prior evidentiary hearing encompassing conventional procedural safeguards including presence of counsel, right of confrontation and cross-examination of witnesses, and presentation of evidence.

Plaintiff contends that the lease termination procedures employed by Realty Industries, Inc. are typical of those utilized by all § 236 housing project operators throughout the State of Virginia, and are in conformity with present policy and procedures sanctioned by the Department of Housing and Urban Development.

Plaintiff seeks a temporary and permanent injunction which would restrain the named defendant and the purported class it represents from terminating or refusing to renew leases with the plaintiff class without due notice of the specific reasons for the action, and an opportunity for a pre-termination hearing conducted in conformity with appropriate due process guarantees. Additionally, plaintiff seeks a declaration and order that the Secretary of H.U.D. assume the duty of insuring that owners and operators of § 236 housing projects afford tenants the same procedural safeguards as are prayed for in the instant action.

Jurisdiction is attained pursuant to 28 U.S.C. §§ 1343(3), 1331, and 1361. The matter is presently before the Court on motion of plaintiff that this suit be designated as a proper class action, and on motion of both defendants that this action be dismissed on the basis of mootness. Since resolution of the separate motions necessarily involves determinations common to all, they will be addressed collectively.

In its answer to the amended complaint, defendant Realty avers that it

---

1. Following the filing of this lawsuit, co-plaintiff Eleanor Williams voluntarily relinquished possession of her apartment in defendant Realty's apartment project, and has since moved from Virginia. Accordingly, she will be dismissed as a party to this action.

has rescinded its Notice of Termination given to plaintiff McCleary. Defendant further represents that it will no longer seek lease terminations and non-renewals in any of its § 236 projects except in accordance with procedures prayed for by plaintiff in her complaint. As an attachment to its motion to dismiss, defendant Realty has tendered a proposed consent order, which, if entered by the Court, will grant to the plaintiff all the relief that she has requested from defendant Realty. Defendant concludes that entry of the proposed order would resolve the controversy between it and the named plaintiff and render the matter moot.

On the contrary, plaintiff maintains that the case is not mooted in regard to the remaining members of the purported class which plaintiff seeks to represent. On the basis of *Petition of Gabel,* 350 F.Supp. 624 (C.D.Cal.1972) and other cited cases, plaintiff argues that once a purported class action is filed, it must be assumed to be one for purposes of dismissal or compromise until a contrary determination is made by the trial court. Therefore, since no ruling as to class status has yet been rendered, plaintiff concludes that the settlement offer of Realty, while disposing of plaintiff's claims, leaves the remaining members of the purported class residing in § 236 housing projects other than those controlled by Realty, still subject to eviction without the right to adequate notice and opportunity for a fair hearing. As to the remaining members of the purported class, there still exists an actual controversy which precludes a finding of mootness. Furthermore, in regard to the defendant Secretary of the Department of H.U.D., plaintiff contends that the matter is not moot, since the Secretary has taken no action to implement regula-

tions which would compel owners and operators of all other § 236 housing projects in Virginia to conform their eviction proceedings to due process standards.

■ However, plaintiff's position regarding presumptive class action status until otherwise determined is contrary to the recent holdings of the Supreme Court in *Indianapolis School Comm'rs v. Jacobs,* 420 U.S. 128, 95 S. Ct. 848, 43 L.Ed.2d 74 (1975); and *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). These decisions indicate that unless a case has been certified by the trial court as a class action *prior* to the time that the case has been mooted with respect to the named plaintiff, then dismissal is required by the "case or controversy" provisions of Article III.[2] See *Bradley v. Housing Authority of Kansas City, Missouri,* 512 F. 2d 626 (8th Cir. 1975). Thus, the Court inferentially concludes that in a purported class action, the controversy is between only the named parties until such time as the trial court certifies the action as a class action. And if a resolution of the controversy between the named parties is reached prior to the time class action status is determined, the action must be dismissed.[3]

■ Plaintiff urges however, that on the basis of *Cypress v. Newport General and Nonsectarian Hosp. Assn.,* 375 F.2d 648 (4th Cir. 1967), the rights of the purported class members should not be subverted by defendant Realty's offer to settle all disputes with the named plaintiff. In *Cypress,* a black physician who had been refused staff privileges at the hospital, was granted such privileges after the initiation of the suit. The Court ruled that since this was a class action on behalf of all other black physi-

2. Even if the named plaintiff's case has become moot, a controversy may still exist, however, between a named party and a member of the opposing class.

3. In *Sosna* the Court noted a possible exception to the dismissal requirement in certain

cases where particularized circumstances would suggest that certification as a class action should "relate back" to the filing of the complaint. We conclude, however, that the facts of this case do not warrant such exceptional treatment.

cians similarly situated, a settlement with Dr. Cypress would be of no assistance to the remaining class members, and thus, the action should continue with respect to them.

However, we find *Cypress* inapposite when applied to the matters at issue herein. In *Cypress*, a settlement with only the named representative would have left unprotected the rights of the remaining class members. Whereas, in the instant case, the settlement offer of Realty, if accepted by the Court, would vindicate not only the rights of the named plaintiff, but also those of all members of the purported class who reside in § 236 properties controlled by Realty. Thus, the settlement offer herein would effectively eliminate any further controversy between Realty, and the members of the purported class represented by the named plaintiff. Thus, entry of the settlement offer tendered by Realty would render the issues between the aforementioned parties moot.

The same facts which would support a finding of mootness as to plaintiff's claims, would also render plaintiff a non-representative party in a class action. Once the representative plaintiff has obtained the relief sought, his interests no longer coincide with those of the members of the class. Additionally, any expectation that such plaintiff would vigorously prosecute the action would be greatly diminished, since his personal stake in the litigation is ended.

For similar reason, defendant Realty would no longer be a representative defendant for the defendant class. Realty, having permanently changed its policy and procedure with respect to eviction, cannot be expected to defend the rights of others in its purported class by advocating the legitimacy of a position which it has already abandoned as untenable.

The motion to dismiss tendered on behalf of the Secretary of H.U.D. presents a different issue. The claim asserted against the Secretary is that she has failed to require operators of § 236 housing projects to conform their eviction and lease termination procedures to acceptable due process standards. The issues raised by this aspect of the complaint are unaffected by Realty's settlement with plaintiff. The remaining § 236 housing project operators in Virginia are still at liberty to continue evicting tenants in a manner apparently acceptable to the Secretary, but allegedly in violation of rudamentary due process guarantees. The Secretary does not deny this, nor does she offer voluntarily to comply with plaintiff's demands. Therefore, unresolved issues still exist with respect to the Secretary's duty to correct inadequate eviction procedures which allegedly are utilized in housing projects falling within the jurisdiction of the Department of H.U.D. With respect to the Secretary, the matter is not moot.

However, considering the fact that upon entry of the settlement order of Realty, all of the individual plaintiff's grievances would be remedied, plaintiff would have no standing to complain of the Secretary's alleged breach of duty, since plaintiff's due process rights would be secure under the proposed decree.

The denial by this Court of plaintiff's request that this matter proceed as a class action in no way prejudices the rights of members of the proposed class to pursue their grievances against the various defendants in the proper forum. However, in order for a Federal Court properly to exercise jurisdiction, the controversy before it must be actual, the issues real. This Court has not been granted a charter to seek out wrongs and set them right. It is constitutionally limited to passing judgment only on a "case or controversy"; none exists here between the parties.

When a plaintiff finds a defendant who denies or otherwise attempts to avoid the assertion of a recognized right, we will have an actual controversy. Plaintiff should not be allowed to wage a battle she has already won, and defendant cannot be expected to fight a

battle in which it has already surrendered.

Accordingly, the motions of the defendants to dismiss the complaint will be granted, and the consent decree tendered by the defendant Realty will be entered.

An appropriate order shall issue.