Mary L. **BANKS** et al.

v.

**MULTI–FAMILY MANAGEMENT, INC. and Carla Hills, Secy., etc.**

**Civ. A. No. 75–0492–R.**

United States District Court, E. D. Virginia, Richmond Division.

Dec. 17, 1975.

Louis A. Sherman, John M. Levy, Neighborhood Legal Aid Society, Inc., Richmond, Va., for plaintiffs.

Robert W. Jaspen, Richmond, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

Plaintiff Mary L. Banks originally brought this action seeking declaratory and injunctive relief on behalf of herself individually, and as representative of a purported class composed of all persons who presently or will hereafter reside in multi-family apartment complexes constructed, financed or operated in the Commonwealth of Virigina pursuant to Section 236 of the National Housing Act of 1968, 12 U.S.C. § 1715z–1. Named as defendants in the original action were Multi-Family Management, Inc., operator of a § 236 housing project in Richmond, Virginia, all other § 236 housing operators in the Commonwealth of Virginia, and the Secretary of the Department of Housing and Urban Development, under whose authority the nationwide program of § 236 projects is administered.

Plaintiff, a resident of a § 236 housing project operated by defendant Multi-Family, had claimed a denial of her due process rights in that her lease was terminated without grounds being specified and without her being informed of her right to a prior evidentiary hearing with attendant procedural safeguards. Additionally, plaintiff had alleged that the termination procedures employed by the named defendant are typical of those used by all other § 236 housing operators in Virginia, and are consonant with present rules and regulations sanctioned by H.U.D.

Plaintiff sought injunctive relief intended to restrain the named defendant and members of the purported class from terminating or refusing to renew leases with the plaintiff class except in accordance with due process guarantees. Plaintiff further sought an order requiring the Secretary of H.U.D. to insure that all § 236 housing operators in Virginia afford their tenants the same pre-termination procedural rights as are requested herein.

Defendant Multi-Family thereafter moved to dismiss the action with respect to itself on the grounds of mootness in that Multi-Family had voluntarily consented to the employment of lease termination and renewal procedures which are in accord with the due process requirements prayed for in plaintiff's complaint. Upon entry by the Court on 16 October 1975 of the consent order proferred by defendant, Multi-Family was dismissed from the action.

At that time, the defendant Secretary of H.E.W. was granted leave to file her motion to dismiss. Briefs having been timely filed by both the Secretary and plaintiff, the motion is presently before the Court for resolution. Jurisdiction is attained pursuant to 28 U.S.C. §§ 1361, 2201 and 2202.

In the brief in support of her motion to dismiss, the Secretary argues that the action against her should be dismissed as moot, Mrs. Banks having now received all the relief to which she may be entitled. The plaintiff claims, on the other hand, that though she has received the

relief to which she is entitled, the class which she claims to represent has not received relief and the Court should designate the class, declare this to be a class action and that the class action should relate back to the time of the filing of the complaint. This relation back would then predate the mootness and the matter could proceed against Mrs. Hills.

The same issues were presented to the Court in *McCleary v. Realty Industries, Inc.,* 405 F.Supp. 128 (E.D.Va.1975). In that action this court decided that while the issue between the plaintiff and Secretary Hills was not moot, plaintiff lacked standing to proceed against the Secretary since her rights to procedural due process were secured by the consent decree entered therein—said decree being in all material respects identical to the consent decree entered herein.

The Court would be inclined to decide this case without more on the basis of the rationale set forth in *McCleary v. Realty Industries, supra,* but for the fact that plaintiff has cited additional authority not before the Court when it rendered the *McCleary* decision. She cites the recent case of *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), in which Justice Powell, citing *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), noted in a footnote that while temporary situations which evade judicial review of constitutional claims present one circumstance in which the claim should relate back, another such situation exists where the "constant existence of a class of persons suffering the constitutional deprivation is certain." Plaintiff states that there are fifty-five owners and operators of § 236 housing in Virginia, with thousands of dwelling units and many more thousands of tenants, who do not comply with the fundamentals of due process. These factors insure, says plaintiff, the "constant existence" of constitutionally deprived persons noted by Mr. Justice Powell.

It is necessary to set forth the entire footnote in *Gerstein v. Pugh, supra,* in order to understand the reach of that dicta. In *Gerstein* petitioners had sought a class action to declare the policy of detaining persons arrested on an information unconstitutional unless such persons were given a "probable cause" hearing promptly after arrest. The petitioners had long since been tried and convicted by the time the suit reached the Supreme Court. Since the named petitioners were no longer suffering the disability of which they complained, the question arose as to whether the action was moot. In Footnote 11, Justice Powell observed:

> At oral argument counsel informed us that the named respondents have been convicted. Their pretrial detention therefore has ended. This case belongs, however, to that narrow class of cases in which the termination of a class representative's claim does not moot the claims of the unnamed members of the class. *See Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d, 532 (1975). Pretrial detention is by nature temporary, and it is most unlikely that any given individual could have his constitutional claim decided on appeal before he is either released or convicted. The individual could nonetheless suffer repeated deprivations, and it is certain that other persons similarly situated will be detained under the allegedly unconstitutional procedures. The claim, in short, is one that is distinctly "capable of repetition, yet evading review."

> At the time the complaint was filed, the named respondents were members of a class of persons detained without a judicial probable cause determination, but the record does not indicate whether any of them were still in custody awaiting trial when the District Court certified the class. Such a showing ordinarily would be required to avoid mootness under *Sosna.* But this case is a suitable exception to that requirement. *See Sosna, supra,* at 402 n.11 [95 S.Ct. 553 at 559], 42 L.Ed.2d 532; cf. *Rivera v. Freeman,* 469 F.2d 1159, 1162–1163 (CA 9 1972). The length of pretrial custody cannot be

ascertained at the outset, and it may be ended at any time by release on recognizance, dismissal of the charges, or a guilty plea, as well as by acquittal or conviction after trial. It is by no means certain that any given individual, named as plaintiff, would be in pretrial custody long enough for a district judge to certify the class. Moreover, in this case the constant existence of a class of persons suffering the deprivation is certain. The attorney representing the named respondents is a public defender, and we can safely assume that he has other clients with a continuing live interest in the case.

Plaintiff herein emphasizes the sentence in the footnote which reads, "Moreover, in this case the constant existence of a class of persons suffering the deprivation is certain." The Court must read that sentence, which fully supports plaintiff's position when read in isolation, within the context of the facts as related in the footnote.

In the normal course of events anyone held for trial, with or without a probable cause hearing, will within a reasonable time be tried and convicted or tried and acquitted. In such case the propriety of the pretrial detention becomes moot. The status of being a pretrial detainee is itself a temporary status. It is seldom protracted and litigation with respect to that status regularly becomes moot as a result of the ordinary criminal procedures.

This must be contrasted with the status of being a tenant in a § 236 apartment house. This status could well last a lifetime. There is no "procedure" which, in the ordinary course of events terminates that status within a matter of days or weeks. When and if any person who is in the status of a § 236 tenant receives an eviction order without procedural due process protection, the Courts will be available to that person to hear and decide his complaint. His plight will not "evade review." The matter will not become moot because of the passage of time, but will only become moot if the apartment management rescinds its eviction order and grants due process as was done in this case.

It may be true, as plaintiff maintains, that § 236 tenants living in other apartment houses in Virginia may not be receiving procedural due process. It may be that there is "the constant existence of a class of persons suffering the deprivation." But this class of persons will not be deprived of judicial remedies from mootness due to any inexorable change in their status as in Gerstein. Mrs. Banks' case became moot, as did Mrs. McCleary's, when the apartment management surrendered. Should any future § 236 tenant find an apartment management defendant willing to fight, the case will not be moot and that plaintiff will have standing to contest the regulations.

Plaintiff, in addition to the argument based upon Gerstein, says she has standing to sue because she may at some time or another move into some other Section 236 apartment which is not covered by a consent decree or which may not voluntarily extend due process to its tenants with respect to eviction. Such a basis for standing is so tenuous and speculative as not to deserve serious consideration. In any event, were she to find herself in such a situation the Courts will be available to her.

This Court then, concludes that the opinion in Gerstein v. Pugh does not alter the applicability of McCleary v. Realty Industries, and for the reasons stated therein, the motion of defendant Hills, Secretary of H.U.D., to dismiss the complaint shall be granted.

An appropriate order shall issue.