**Nancy ASHLEY et al.**

v.

**Earl BUTZ et al.**

**Civ. A. No. 75–0333–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Feb. 23, 1976.

Gerald G. Lutkenhaus, Neighborhood Legal Aid Society, Inc., Richmond, Va., for plaintiffs.

Charles L. Beard, Asst. U. S. Atty., Richmond, Va., Stuart H. Dunn, Deputy Atty. Gen. of Virginia, Richmond, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

This is an action for the declaratory and injunctive relief, brought by Nancy Ashley on behalf of herself and all other persons similarly situated. Plaintiff seeks relief in the form of a declaration of invalidity and an injunction to prevent enforcement of one federal regulation, 7 C.F.R. § 271.-3(c)(2)(iii)(f) and one State regulation, § 310.4(e) (Virginia Department of Welfare Food Stamp Handbook). The cause of action arises under the Federal Food Stamp Act of 1964, as amended, 7 U.S.C. §§ 2011–2026, the Fifth and Fourteenth Amendments, and 42 U.S.C. § 1983. Jurisdiction is alleged pursuant to 28 U.S.C. §§ 1331, 1337, 1343(3), 1361, and, with regard to declaratory relief, 28 U.S.C. §§ 2201 and 2202.

The basic facts giving rise to this controversy have been stipulated by the parties. The named plaintiff, Nancy Ashley, is a divorced woman, 29 years of age, whose household includes two minor children, ages 5 and 8. Plaintiff and her family have been receiving food stamps since April of 1972. On 20 July 1973 plaintiff was divorced from her husband and received custody of their two children. Since the divorce, plaintiff and her children have existed on child support and Aid to Dependent Children and have continued to receive food stamps.

In August, 1974, plaintiff and her children moved to Henrico County, Virginia, and her children began to receive their food stamps from the Henrico County Welfare Department. In September, 1974, plaintiff enrolled as a student at the Virginia Commonwealth University in Richmond where she intended to earn a degree which would qualify her to do social work. The Virginia Department of Vocational Rehabilitation thereafter awarded the plaintiff a $100.00 per month transportation grant for necessary transportation expenses she would incur when commuting to and from the University. During the period in which plaintiff received the grant it was expended solely and completely for school transportation. After being awarded the grant, plaintiff immediately notified the Henrico County food stamp officials of that fact. Thereafter, in October of 1974, the Henrico County food stamp officials informed plaintiff her food purchase requirement would be increased from $40.00 to $82.00 due to the fact that plaintiff's transportation grant was considered as additional income to plaintiff.

On 4 November 1974, plaintiff's food stamp file was closed at her own request. From 4 November 1974 until 7 February 1975, plaintiff and her two children did not receive food stamps. On 7 February 1975, after filing an affidavit seeking re-certification as a food stamp recipient, plaintiff was again informed by the Henrico County officials that her transportation grant would have to be counted as income in the computation of her food stamp purchase requirement. On 10 February 1975 plaintiff's application was approved and she was assigned a purchase price of $76.00 to buy $128.00 worth of food stamps. On 13 February 1975 plaintiff appealed the decision of the Henrico County Welfare Department. The hearing officer affirmed the decision on 20 May 1975. The officer based his decision on an interpretation of Virginia Food Stamp Manual § 1920.[1] He also noted

---

1. The following will not be considered as income for the household: A. Earnings of Students under age 18. B. Title II (URA and RPA Act). C. Infrequent or Irregular Income. D. Gains or Benefits (In Kind). E. Loans. F. Monies. G. Employment and Training Allowance. The sum of ten percent of gross income from compensation for services performed as

that effective 1 January 1975, C.F.R. § 271.-3(c)(1)(iii)(f) specifically excludes deductions for school transportation expenses. Deductions under that section are allowed for only:

(f) Tuition and mandatory fees assessed by educational institutions (no deductions shall be made for any other education expenses such as but not limited to the expense of books, school supplies, meals at school, and transportation. 7 C.F.R., Section 271.3(c)(1)(iii)(f).

The hearing officer further pointed out that as of 1 April 1975, the Virginia Food Stamp Manual had incorporated the above quoted section which specifically excluded deductions for school transportation, thus making the exclusion part of the Virginia regulations.[2]

In July, 1975, the plaintiff filed suit in this Court challenging the aforesaid regulations and the decision of the hearing officer. Plaintiff withdrew from school in the last week of October, 1975, and therefore did not receive a transportation grant payment in November or thereafter. According to the undisputed affidavit of Deborah Jordon, a case worker for the Henrico County Department of Public Welfare, the plaintiff Nancy Ashley asked on 3 December 1975 to be withdrawn from the food stamp and public assistance programs effective 1 January 1976, since she had obtained employment.

The initial question presented to the Court is the question of whether or not under the stipulated facts the action has now become moot. Apparently plaintiff does not dispute the fact that the case should be treated as moot under ordinary circumstances. Plaintiff points to two factors which obviate mootness. First, plaintiff says that the action is not moot since it was filed as a class action. Second, plaintiff says the action is not moot because plaintiff is entitled to "retroactive benefits" if she prevails.

No class has been certified in this case. Its posture is similar to that addressed by the Supreme Court in *Board of School Commissioners of City of Indianapolis v. Jacobs,* 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975). In *Jacobs* certain children complained of regulations imposed upon them as high school students by the School Commissioners of the City of Indianapolis. They filed their complaint as a class action but no class action was certified by the District Court. By the time the matter reached the Supreme Court all of the children had graduated from high school. The Supreme Court held:

The case is . . . moot unless it was duly certified as a class action pursuant to Fed.Rule Civ.Proc. 23, a controversy still exists between petitioners and the present members of the class, and the issue in controversy is such that it is capable of repetition yet evading review. 420 U.S. at 129, 95 S.Ct. at 850.

The plaintiff, by going off the welfare rolls, no longer has a case or controversy between herself and the defendants. She says, however, that if the Court were now to certify the action as a class action, the certification would relate back to the time of filing the complaint and new life would be pumped into the action since, she says, there are others similarly situated.

Whether or not there is a relation back principle, *see McCleary v. Realty Industries, Inc.,* 405 F.Supp. 128 (E.D.Va. 1975); *Banks v. Hills,* Civil No. 75–0492–R (E.D.Va., 17 December 1975), such a doctrine would not avail plaintiff in this case to permit her to maintain her action. There are cases in which a plaintiff, no longer having a case or controversy because of mootness, may nevertheless maintain an action when it has been properly certified as a class action. Such a case was *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). This non-mooting doctrine as set forth in *Sosna* is extremely limited and is intended to serve the very practical problem of enabling Courts to review controver-

---

an employee and/or training allowance not to exceed $30 per household per month. . . .

**2.** Section 310.4(e), Virginia Department of Welfare Food Stamp Handbook.

sies which through the inexorable passage of time would otherwise evade review. After stating the doctrine in *Sosna*, Mr. Justice Rehnquist clearly explained its limitation:

We note, however, that the same exigency that justifies this doctrine serves to identify its limits. In cases in which the alleged harm would not dissipate during the normal time required for resolution of the controversy, the general principles of Art. III jurisdiction require that the plaintiff's personal stake in the litigation continue throughout the entirety of the litigation. 419 U.S. at 401, 402, 95 S.Ct. at 558.

■ While there was a named plaintiff with a personal stake in the litigation at the time suit was filed in this action, the fact that there is no such named plaintiff at this time is not the result of any inexorable passage of time or any other such resolution of the controversy. Plaintiff quit school voluntarily and got a job. It is for this reason and this reason alone that she no longer has a stake in the controversy. For this reason we do not reach the theory of relation back because the case simply is not within the narrowly defined situation described in *Sosna*. As the Fourth Circuit has recognized, a case which states that it is a class action is not saved from mootness absent an actual certification. *Burke v. Levi*, No. 751615 (4th Cir., 12 November 1975).

Plaintiff says that without regard to the class action or relation back aspects, the action is not moot because she is entitled to "retroactive benefits." In support she cites *Linken Hoker v. Weinberger, Sec.*, No. 75–1293 (4th Cir., 3 November 1975). The question involved in *Linken Hoker* was whether entitlement to monetary relief against the State of Maryland entitled plaintiffs to maintain an action which would otherwise have been moot. The Fourth Circuit held that no retroactive award of money damages could be granted

as against the State of Maryland and thus it never reached the question of whether the availability of a retroactive award would save the action from mootness.[3]

Here, plaintiff has voluntarily and completely removed herself from the statutory category of persons who are eligible to receive food stamps. It would be unlawful at this time to issue food stamps to plaintiff since she no longer meets the eligibility requirements.

[4] The Food Stamp program does not distribute money; it sells food stamps. Thus, if plaintiff at any time during entitlement had paid more for food stamps than she was lawfully required to pay, the error could have been corrected only by issuing her additional food stamps to make up the deficit or by selling her additional food stamps at less than the otherwise lawful rate. Having rendered herself wholly ineligible for food stamps by a voluntary act, it appears to this Court only logical that she is no longer eligible for food stamps at any price to make up for any alleged deficiency. It appears that she is employed and apparently no longer needful of the benefits of the food stamp program.

■ Under these circumstances, to give her retroactive relief would be simply to "punish" the defendants for their alleged dereliction. This Court exercises no supervisory authority over the Secretary of Agriculture of the United States or over the Department of Public Welfare of the Commonwealth which would authorize it to grant relief purely for the purpose of bringing the defendants "into line."

It follows, then that this action must be dismissed as moot.

Perhaps the Court should end its opinion here, but since all the facts are stipulated and all the issues have been fully briefed, the Court ventures to say that were the case not moot, the Court would find for defendants. The issue here has been dealt with by other Courts in cases involving the

3. In the instant case if the availability of retroactive benefits were to save this case from mootness a class action certification could only include other persons similarly situated, i. e. those persons whose claims are limited to merely retroactive benefits.

same principle. These cases are: *Patrick v. Tennessee Department of Public Welfare et al.*, 386 F.Supp. 944 (E.D.Tenn., 1974); *McInnis v. Weinberger et al.*, 388 F.Supp. 381 (D.Mass., 1975).

There being no binding authority in the Fourth Circuit, this Court is persuaded by the reasoning of those judges who upheld the validity of the regulations promulgated by the Secretary.

An appropriate order shall issue.