**Sylvia MADRIGALE, Individually and on behalf of all others similarly situated**

v.

**The HOUSING AUTHORITY OF the COUNTY OF CHESTER et al.**

**Civ. A. No. 79–1702.**

United States District Court,
E. D. Pennsylvania.

May 15, 1980.

MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

This action concerns the availability or absence of procedural due process in the Section 8 Existing Housing Program, a program of rent subsidies for low income persons funded by the federal government but administered by local public housing authorities. Defendants named in the complaint are the Housing Authority of the County of Chester ("HACC"), the local public housing authority that administers the Existing Housing Program in Chester, and various of its officers and directors. Plaintiff Sylvia Madrigale is a sixty-one year old, disabled woman who allegedly was terminated from participation in the program without the benefit of adequate notice and an opportunity for hearing. On behalf of a proposed class of others similarly situated, she seeks declaratory relief for the alleged abridgement of their rights under the fifth and fourteenth amendments to the United States Constitution. Individually, she also seeks injunctive and monetary relief. Jurisdiction to hear this action is conferred by 28 U.S.C. § 1343(3).

Now before the Court are defendants' motion to dismiss for mootness and plaintiff's motion for class certification. For the reasons set forth below, I will deny defendants' motion and grant certification of the class.

I. FACTUAL BACKGROUND

In the Section 8 Existing Housing Program, local housing authorities issue "Certificates of Participation" which entitle eligible persons to payment of a rent subsidy if they locate, within sixty days, housing meeting certain quality standards. The rent subsidy is paid directly to the landlord pursuant to a contract with the housing authority, and the remainder is paid by the tenant under a typical lease agreement.

William E. Molchen, Coatesville, Pa., Kevin B. Curley, Phoenixville, Pa., for plaintiffs.

Wood, Parke, Barnes & Byrne, John H. Spangler, West Chester, Pa., for defendants.

According to the complaint, plaintiff Madrigale applied for a Certificate of Family Participation in Chester's Section 8 Program on July 22, 1977. The Certificate was granted on June 22, 1978, and plaintiff

thereafter sought lease approval for an apartment she had located. On June 27, 1978, following an inspection, HACC approved the apartment for occupancy.

The instant dispute evolved from plaintiff's refusal to move into the dwelling. She maintains that the apartment did not comply with the Housing Quality Standards for Section 8 dwellings. *See* 24 C.F.R. § 882.210(d)(1) and (2). Allegedly, she rented it only after the owner-landlord assured both her and HACC that the defective conditions would be rectified. Plaintiff executed a lease commencing July 1, 1978, for a period of one year, with a contract rent of $210.00 of which she paid $50.00 monthly. HACC executed a housing assistance payments contract with the owner-landlord that provided for payment of the balance, or $160.00 per month.

Although plaintiff allegedly advised both the landlord and HACC that she stood ready to occupy the apartment if the defects were remedied, as of July 21, 1978 the conditions remained and she refused to move into the apartment. The complaint alleges that HACC thereupon terminated the housing assistance payments to the owner-landlord and denied plaintiff continued participation in the Section 8 Existing Housing Program.

On May 11, 1979, plaintiff commenced this action. On June 5, 1979, defendants answered the complaint and alleged, by way of counterclaim, that plaintiff had breached her agreement with HACC, requiring HACC to expend $336.00 in vacancy payments and $160.00 in housing assistance payments for the month of July, 1978. After plaintiff moved for class certification pursuant to Fed.R.Civ.P. 23(b)(2), defendants informed the Court that they believed the case was moot. I permitted the parties to file briefs addressed to this issue, and that is where the case now stands.

## II. MOOTNESS

Defendants' assertion of mootness arises from plaintiff's participation in the Section 8 New Construction Program. On August 16, 1979, Ms. Madrigale signed a one year lease to reside in Coatesville Towers, a multi-unit complex for senior citizens federally subsidized under the Section 8 New Construction Program. Because plaintiff now lives in one form of Section 8 housing, defendants argue that she no longer has a personal interest in being readmitted into another, namely the Existing Housing Program. They contend, therefore, that both her individual case and the request for class certification are moot.

■ The roots of the mootness doctrine have been traced to the constitutional requirement of a "case or controversy" in Article III and to more flexible considerations of judicial policy. *See Geraghty v. United States Parole Commission*, 579 F.2d 238, 245·46 (3d Cir. 1978). Under either analysis the jurisdiction of a federal court abates when neither party retains a legally cognizable interest in the final determination of the underlying questions of fact and law. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642, 649 (1979). Only then does a case become moot.

■ In this action, it is clear that plaintiff's individual case is not moot. Her complaint seeks damages as well as injunctive relief for the allegedly wrongful termination. Regardless of where plaintiff now lives or desires to live, she still retains a legally cognizable interest in obtaining compensation for the alleged injury that occurred in the past.

Nor is plaintiff's claim for individual injunctive relief moot. The Section 8 New Construction housing in which she currently resides is legally distinct from the Section 8 Existing Housing to which she seeks readmission. The two programs are administered by different entities under separate, albeit similar, sets of federal regulations.[1] *Compare* 24 C.F.R. Part 880 (New Construction) *with* 24 C.F.R. Part 882 (Existing

---

1. Most notably, public housing authorities, like HACC, oversee the Section 8 Existing Housing Program, while private owners manage the Section 8 New Construction Program. Each program is administered independently of the other.

Housing). However functionally equivalent the programs may be, this Court cannot deprive plaintiff of an alleged constitutional right to be reinstated to one simply because she chose later to participate in the other. In short, plaintiff has not been shown to be ineligible for the Section 8 Existing Housing program and thus may legitimately assert an interest in being re-admitted to it.[2] Therefore, her individual claims are not moot.

## III. CLASS CERTIFICATION

Plaintiff seeks declaratory relief for a class comprised of "all persons who have been or will be terminated from the Section 8 Program administered by the Housing Authority of the County of Chester without the benefit of adequate notice and opportunity for hearing." She now moves for certification of the class pursuant to Fed.R. Civ.P. 23(b)(2), which provides that a class action may be maintained if "the party opposing the class has acted . . . on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole . . .."

Before a class may be allowed to proceed under Rule 23(b), the party moving for class certification must establish that all four requisites of Rule 23(a) are met. *Davis v. Romney*, 490 F.2d 1360, 1366 (3d Cir. 1974). In condensed form, those requirements are: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation.[3] Defendants raise two objections to certification of the proposed class. First, they contend that plaintiff cannot be the class representative because her individual claims are moot. Having decided that

plaintiff still has "live" claims, I need not consider this issue. Second, defendants contend that plaintiff is not a member of the proposed class. In their view, she was never terminated from the Section 8 Existing Housing Program. Rather, they contend, her certificate of participation expired when she failed to occupy the apartment within the sixty day time period.

This theory might be valid if the certificate had expired without any intervening action of defendants. However, once plaintiff declined to move into the apartment, HACC sent her a letter stating that it would refuse to honor any further requests for lease approval and that plaintiff would not be eligible for the Section 8 program again until she reimbursed the housing authority. The letter is attached as Exhibit "A" to defendants' answer to the complaint, and it reads, in pertinent part:

. . . we will not honor any further request for lease approval from you. Continued participation in the Section 8 Program is contingent upon "performing all abligations [sic] under the Housing Assistance Payments Program", not the least of which is finding a dwelling unit which is suitable to your needs and inspecting it carefully prior to submitting a request for lease approval.

. . . we must advise you that, should you apply again for the Section 8 Program, you would not be eligible unless restitution were made for our losses incurred by your violation of the terms of your lease.

Because plaintiff's Section 8 benefits allegedly were discontinued by HACC before her certificate of participation expired, she is properly considered within the class of

---

2. The case upon which defendants rely, *Ashley v. Butz*, 463 F.Supp. 165 (E.D.Va.1976), is distinguishable. There the court held that the plaintiff's claim challenging the validity of certain food stamp program regulations was moot only because it was undisputed that the plaintiff no longer was eligible for food stamps. Here, by contrast, plaintiff insists that she remains eligible for the Section 8 Existing Housing Program.

3. Rule 23(a) provides:
    (a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

those terminated from the Existing Housing program. Whether her termination was lawful is a separate question which the Court cannot reach without trial on the merits.

■ In any event, the claims presented by plaintiff are common to and typical of the claims offered on behalf of the broader class. Both seek to determine whether Section 8 benefits may be terminated without the benefit of adequate notice and opportunity for hearing. While the proposed class would include persons whose Section 8 benefits were terminated for reasons different from plaintiff's, there is no requirement in a (b)(2) class action that common questions of fact predominate over any questions affecting only individual members. *Cf.* Fed. R.Civ.P. 23(b)(3). Instead, the Court must find only that the party opposing the class has acted on grounds generally applicable to the class, a finding amply supported by the facts as alleged.

Finally, I turn to a consideration of whether the class is so numerous that joinder of all members is impracticable. *See* Fed.R.Civ.P. 23(a)(1). Defendants refused to answer plaintiff's interrogatory as to the number of persons who already have been terminated from HACC's Section 8 program without the benefit of adequate notice and opportunity for hearing. It seems plain, however, that the conduct complained of has potential applicability to anyone who is now in the program or who will enter it in the future. Because the class of future members is not ephemeral or speculative, *cf. Scott v. University of Delaware*, 601 F.2d 76, 89 (3d Cir. 1979), and the questions raised clearly have classwide applicability, I find that the numerosity requirement of Rule 23(a)(1) is satisfied.

Accordingly, I will grant plaintiff's motion for class certification.