BOARD OF SCHOOL COMMISSIONERS OF
THE CITY OF INDIANAPOLIS ET AL.
*v.* JACOBS ET AL.

No. 73-1347.  Argued December 11, 1974—
Decided February 18, 1975

*Lila J. Young* argued the cause for petitioners.  With her on the briefs were *Harold H. Bredell* and *Lawrence McTurnan.*

*Craig Eldon Pinkus* argued the cause for respondents. With him on the brief was *Ronald E. Elberger.*

PER CURIAM.

This action was brought in the District Court by six named plaintiffs seeking to have declared unconstitutional certain regulations and rules promulgated by the petitioner Board and to have the enforcement of those regulations and rules enjoined, as well as seeking other relief no longer relevant to this case.* In the complaint, the named plaintiffs stated that the action was brought as a

---

*The named plaintiffs sought expunction from their respective records of certain information and compensatory and punitive damages against petitioners. These prayers for relief were denied by the District Court for failure of proof and no appeal was taken from this decision.

class action pursuant to Fed. Rules Civ. Proc. 23 (a) and (b)(2), and further stated that "[p]laintiff class members are all high school students attending schools managed, controlled, and maintained by the Board of School Commissioners of the City of Indianapolis." At the time this action was brought, plaintiffs were or had been involved in the publication and distribution of a student newspaper, and they alleged that certain actions taken by petitioner Board or its subordinates, as well as certain of its rules and regulations, interfered or threatened to interfere with the publication and distribution of the newspaper in violation of their First and Fourteenth Amendment rights. The plaintiffs (respondents here) prevailed on the merits of their action in the District Court, 349 F. Supp. 605 (SD Ind. 1972), and the Court of Appeals, one judge dissenting in part, affirmed, 490 F. 2d 601 (CA7 1973). Petitioners brought the case to this Court, and we granted certiorari, 417 U. S. 929 (1974). At oral argument, we were informed by counsel for petitioners that all of the named plaintiffs in the action had graduated from the Indianapolis school system; in these circumstances, it seems clear that a case or controversy no longer exists between the named plaintiffs and the petitioners with respect to the validity of the rules at issue. The case is therefore moot unless it was duly certified as a class action pursuant to Fed. Rule Civ. Proc. 23, a controversy still exists between petitioners and the present members of the class, and the issue in controversy is such that it is capable of repetition yet evading review. *Sosna* v. *Iowa,* 419 U. S. 393 (1975). Because in our view there was inadequate compliance with the requirements of Rule 23 (c), we have concluded that the case has become moot.

The only formal entry made by the District Court below purporting to certify this case as a class action is con-

tained in that court's "Entry on Motion for Permanent Injunction," wherein the court "conclude[d] and ordered" that "the remaining named plaintiffs are qualified as proper representatives of the class whose interest they seek to protect." 349 F. Supp., at 611. No other effort was made to identify the class or to certify the class action as contemplated by Rule 23 (c)(1); nor does the quoted language comply with the requirement of Rule 23 (c)(3) that "[t]he judgment in an action maintained as a class action under subdivision . . . (b)(2) . . . shall include and describe those whom the court finds to be members of the class." The need for definition of the class purported to be represented by the named plaintiffs is especially important in cases like this one where the litigation is likely to become moot as to the initially named plaintiffs prior to the exhaustion of appellate review. Because the class action was never properly certified nor the class properly identified by the District Court, the judgment of the Court of Appeals is vacated and the case is remanded to that court with instructions to order the District Court to vacate its judgment and to dismiss the complaint.

*So ordered.*

MR. JUSTICE DOUGLAS, dissenting.

In *Sosna* v. *Iowa,* 419 U. S. 393 (1975), we found no mootness problem where a named plaintiff belatedly satisfied the durational residency requirement which she had initially sought to attack. Our holding to that effect was based upon three factors which we found present in that case: (1) a certification of the suit as a class action; (2) a continuing injury suffered by other members of the class; and (3) a time factor which made it highly probable that any single individual would find his claim inevitably mooted before the full course of litigation had been run.

Applying those principles to the present case, I would hold that an Art. III controversy exists and that the parties are therefore entitled to a ruling on the merits.

This suit was instituted as a class action on behalf of all high school students attending Indianapolis public schools. The record does not contain any written order formally certifying the class, but the absence of such a written order is too slender a reed to support a holding of mootness, particularly in the face of the incontrovertible evidence that certification was intended and did, in fact, take place. At the close of the second day of the proceedings on plaintiffs' application for a temporary restraining order, the District Judge stated: "I will make a finding that this is an appropriate action, or a class action is appropriate insofar as this controversy is concerned." [1] Later, in his written opinion, he stated that the two named plaintiffs who had not graduated by the time of these proceedings were "qualified as proper representatives of the class whose interest they seek to protect." [2] 349 F. Supp. 605,

[1] Tr., Aug. 25, 1972, p. 368. This statement was made immediately after a discussion of whether the four plaintiffs who had previously graduated could be "proper representatives of a class," *ibid.;* while tentatively holding that they could not, the District Judge permitted the action to continue in the names of the two plaintiffs who had not yet graduated. *Ibid.;* 349 F. Supp. 605, 611.

[2] Respondents' complaint alleged that the plaintiff class members were "all high school students attending schools managed, controlled, and maintained by the Board of School Commissioners of the City of Indianapolis." While there had been a suggestion in the trial court that the class might be broadened to include all Indianapolis public school students, it was conceded in the Court of Appeals that the case was concerned only with the application of petitioners' rules in high schools. 490 F. 2d 601, 610. This concession is consistent with the scope of the class as defined in the complaint, and with the District Court's obvious intent in finding the named plaintiffs to be "proper representatives of the class *whose interest they seek to protect*" (emphasis added). I see no serious problem, therefore, in

611.   At oral argument, moreover, counsel for the Board of School Commissioners stated, in response to a question from us, that there had been a declaration of certification of class action.[3]   The findings of the lower court, coupled with the representations of counsel for the petitioners, provide, in my view, a more than ample basis for holding that the first *Sosna* criterion has been met.[4]

The Court today, however, purports to find this case distinguishable from *Sosna* in terms of the adequacy of compliance below with the requirements of Fed. Rule Civ. Proc. 23 (c).   A review of the record in *Sosna* discloses that the judgment entered by the District Court in that case does not in any way "include and describe those whom the court finds to be members of the class," as required by Rule 23 (c)(3); nor is there anything in the record identifiable as a separate certification of the class in the sense which the Court finds to be contemplated by Rule 23 (c)(1).   The District Court in *Sosna,* in its pretrial order, adopted a stipulation of the parties to the effect that the prerequisites for a class action were met, and that there were numerous persons barred by Iowa's residency requirement from having their marriages dissolved; and in its final opinion, the District Court incorporated a bare reference to the fact that the suit was being treated as a class action.   *Sosna* v. *Iowa,* 360 F. Supp. 1182, 1183 n. 5 (ND Iowa 1973).   If these two factors alone were sufficient to establish proper certification of the class in *Sosna,* then I am at a loss to see why

defining the proper and intended scope of the class as approved by the trial court.

[3] Tr. of Oral Arg. 11.

[4] The Court of Appeals adverted at one point in its opinion to the issue of whether "plaintiffs or class members" would be bound by the judgment, 490 F. 2d, at 603, a reference which might be taken to suggest that that court as well harbored no doubts as to whether the suit was in fact proceeding as a class action.

the factors catalogued earlier are not sufficient to establish proper certification in the instant case.

It is undoubtedly true that many federal district judges have been careless in their dealings with class actions, and have failed to comply carefully with the technical requirements of Rule 23. If we are to embark upon a program of scrupulous enforcement of compliance with those requirements, so be it; the end result may well be to avoid troublesome mootness problems of the sort which arose both here and in *Sosna*. Elementary principles of fairness to litigants suggest, however, that we should be reluctant to throw these respondents entirely out of court for their failure to induce the District Court to comply with technical requirements, when those requirements clearly were not being strictly enforced during the pendency of this litigation in the lower courts. And in particular, these principles of fairness suggest that the Court ought to provide a more reasoned explanation than it has given today for the difference in treatment which it has accorded to the appellants in *Sosna* and to the respondents herein.

With respect to the second *Sosna* criterion, it is clear that the Board intends to enforce the regulations struck down by the courts below unless it is flatly barred from doing so. A continuing dispute therefore exists between the Board and the members of the class, unless it can be said with some assurance that there are no class members who desire either to resurrect the "Corn Cob Curtain" or to distribute some comparable "underground" publication. The mere statement by counsel for the Board that the Corn Cob Curtain "is no longer in existence" [5] can hardly be deemed to provide that assurance; to the contrary, the Board's very insistence on the need for enforceable regulations reinforces the likelihood that the desire for

[5] Tr. of Oral Arg. 4, 5.

unfettered expression will continue to breed clashes between Indianapolis high school students and the Board's proposed regulations. The inference of a continuing controversy is, in my view, just as strong as that which we found sufficient in *Sosna.*

The Court's readiness to find this controversy moot is particularly distressing in light of the issues at stake. True, there is no absolute time factor (such as that in *Sosna*) which will inevitably moot any future litigation over these regulations before it reaches a conclusion; it is conceivable that another plaintiff in a subsequent suit will be able to avoid the trap of mootness which the Court has sprung upon these unwitting parties. In remitting the underlying issues of this case to the course of some future, more expeditious lawsuit, however, we permit the Board to continue its enforcement, for an indefinite period of time, of regulations which have been held facially unconstitutional by both of the courts below. In allowing the Board to reimpose its system of prior restraints on student publications, we raise a very serious prospect of the precise sort of chilling effect which has long been a central concern in our First Amendment decisions. *New York Times Co.* v. *United States,* 403 U. S. 713 (1971); *Organization for a Better Austin* v. *Keefe,* 402 U. S. 415 (1971); *Blount* v. *Rizzi,* 400 U. S. 410 (1971); *Freedman* v. *Maryland,* 380 U. S. 51 (1965); *Near* v. *Minnesota ex rel. Olson,* 283 U. S. 697 (1931). Any student who desires to express his views in a manner which may be offensive to school authorities is now put on notice that he faces not only a threat of immediate suppression of his ideas, but also the prospect of a long and arduous court battle if he is to vindicate his rights of free expression. Not the least inhibiting of all these factors will be the knowledge that all his efforts may come

to naught as his claims are mooted by circumstances beyond his control.

In view of these likely consequences of today's decision, I am unable to join in the Court's rush to avoid resolving this case on the merits.