Salvador **AGRON** et al., Plaintiffs,

v.

Ernest L. **MONTANYE**, Superintendent of Attica Correctional Facility, et al., Defendants.

Willie **HASLIP**, Petitioner,

v.

Hon. E. L. **MONTANYE**, Warden of Attica Prison, Attica, New York, et al., Respondents.

Civ. Nos. 1973-257, 1973-291.

United States District Court, W. D. New York.

April 25, 1975.

Herman Schwartz, Buffalo, N. Y., for plaintiffs.

Louis J. Lefkowitz, Atty. Gen. (Douglas S. Cream, Buffalo, N. Y., of counsel), for defendants.

CURTIN, Chief Judge.

■ The plaintiffs, proceeding as a class[1] and as poor persons, contest a practice of the Attica Correctional Facility's officials which bars visits from family and friends to inmates refusing to shave.[2] The plaintiffs have moved for a preliminary injunction against the enforcement of the so-called "no shave/no visit" rule.

The inmates being disciplined in this fashion feel that the right to determine personal appearances is not one which they forfeit upon conviction. The weight of authority does not support this view. Dilloff, Federal Court Litigation Over the Regulation of Adult Grooming, Alb.L.Rev. 387, 404–05 (1974); Poe v. Werner, 386 F.Supp. 1014 (M.D.Pa.1974). That is not the crux of this case, however.

The issue is whether or not correctional officials, faced with a continuing group protest to shaving requirements, may bar, as a disciplinary measure, family visitation to any participating inmate for the duration of the protest.

Shortly before the United States Court of Appeals for the Second Circuit heard arguments en banc in the landmark case of Sostre v. McGinnis, 442 F.2d 178 (2d Cir. 1971) (en banc), cert. denied sub nom. Oswald v. Sostre, 405 U.S. 978, 92 S.Ct. 1190, 31 L.Ed.2d 740 (1972), a new set of regulations governing prisoner discipline in the New York corrections system was effectuated. 7 N.Y.C. R.R. § 250 et seq. These regulations set forth the procedural limits of permissible discipline. One clear limitation is that segregated inmates shall not "be deprived of the correspondence or visiting privileges available to inmates in the general population." 7 N.Y.C.R.R. § 301.6.

The defendants assert that visitation is a privilege subject to loss under Rule 86 of the inmate rule book. (See footnote #2.) It is not claimed that this rule has the force of a regulation promulgated pursuant to the authority of New York Corrections Law, Consol. Laws, c. 43, Section 112, but that the regulations duly promulgated allow for suspension of "privileges." 7 N.Y.C.R. R. § 252.5 and § 253.5.

The regulations also require, however, that punishments be restricted to those permitted, 7 N.Y.C.R.R. § 301.8, and visits have been excluded from that class. 7 N.Y.C.R.R. § 301.6. In any event, the

---

1. These actions were initially commenced by the filing of handwritten complaints. The named plaintiffs in Civil 1973–257 prayed for relief on behalf of themselves and all those similarly situated. With the latitude normally afforded to pro se petitions, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L. Ed.2d 652 (1972), the requirements of Fed. R.Civ.P. 23(a) are deemed met. For the purposes of this order the class will be confined to those Attica inmates now being denied visiting privileges, available to the general population at the Attica Correctional Facility, because they failed to shave, or for incidents of misbehavior related to a refusal to shave. The final dimensions of the class will be determined at the time a final order is entered. Fed.R.Civ.P. 23(c). See also Board of School Commissioners of the City of Indianapolis v. Jacobs, 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975).

In addition, the acts of the defendants as set forth in footnote 2 of the instant order clearly makes this an appropriate matter for treatment under Fed.R.Civ.P. 23(b)(2).

2. Issues of unsanitary shaving facilities, forced shaving, and the conditioning of legal visits on shaving were resolved in a prior order in this proceeding. The practice applied has been succinctly stated in an affidavit of (then deputy) Superintendent Smith:

Rule 86 of the inmate rule book states: "that all visiting privileges of an inmate maybe [sic] suspended or reduced by the Superintendent because of poor conduct or any other good reason. The inmate so affected will be notified when they again may have a visit." Also attached is a copy of Inter-Office Communication dated May 17, 1973 pertaining to visiting at this facility. At time of a visit if the inmate needs to be shaved he is advised to shave in preparation for his visit. If the inmate refuses to shave, he is denied the visit. He will then appear before the Adjustment Committee on the charge of refusing to shave and the Adjustment Committee may assess him seven to fourteen days for refusing to shave. All visiting is considered to be a privilege. (Supplemental Affidavit in Opposition)

cases have taught us over the years that distinctions drawn between "rights" and "privileges" are particularly suspect in an institutional setting. Sostre v. McGinnis, *supra*, 442 F.2d at 196.

There has been some thoughtful analysis in the federal courts with regard to the constitutional dimensions of the prisoners' right to visitations. Mabra v. Schmidt, 356 F.Supp. 620 (W.D.Wis. 1973). But it is also critical to assess the interests of family members who need and want to visit with the inmate.[3] Procunier v. Martinez, 416 U.S. 396, 408, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974); see also Schwartz and Weintraub, The Prisoner's Wife: A Study in Crisis, 38 Fed. Probation 20, 23–24 (December 1974). An additional factor is the paradoxical situation which arises when correctional officials bar a practice, here visitation, which is demonstrably conducive to rehabilitation and successful reintegration into the community,[4] because, in their view, discipline promotes rehabilitation and improved institutional morale. 7 N.Y.C.R.R. § 250.2(a).

■ The defendants, in support of their motion to dismiss, contend that a particular disciplinary weapon, short of a barbarous or shocking practice, should not be removed from their arsenal. Sostre v. McGinnis, *supra*, 442 F.2d at 194. *See also* Procunier v. Martinez, *supra*, 416 U.S. at 412 n. 12, 94 S.Ct. 1800. This is a logical extension of the rule which forecloses intervention by a federal court into the day to day management of state prisons. Preiser v. Rodriguez, 411 U.S. 475, 492, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). The motion to dismiss must be denied, however, because the particular impact of this practice, and the constitutional dimensions of prison visitation, must await additional

hearings on the merits. United States ex rel. Haymes v. Montanye, 505 F.2d 977 (2d Cir. 1974).

■ This court deems it appropriate to consider, at this juncture, the due process right of the plaintiffs to have the defendants adhere to their own regulations, however. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L. Ed. 681 (1954); Hammond v. Lenfest, 398 F.2d 705 (2d Cir.) vacated on rehearing on other grounds, 398 F.2d 718 (2d Cir. 1968); United States v. Heffner, 420 F.2d 809 (4th Cir. 1969); Lupo v. Norton, 371 F.Supp. 156 (D.Conn. 1974). Since the state's current policy is *not* to bar visitation, N.Y.C.R.R. § 301.6, I conclude that the plaintiffs have demonstrated a substantial likelihood of ultimate success on the merits and are suffering hardships substantially greater than those likely to befall the defendant should they be required to allow visitation. Therefore, I find that the plaintiffs are entitled to preliminary injunctive relief. Checker Motors Corp. v. Chrysler Corp., 405 F.2d 319, 323 (2d Cir.), cert. denied, 394 U.S. 999, 89 S.Ct. 1595, 22 L.Ed.2d 777 (1969).

It is hereby ordered that the defendant, Attica Corrections Officials and their successors are enjoined, pursuant to Rule 65 of the Federal Rules of Civil Procedure, from denying the usual visitation privileges afforded members of the general inmate population at the Attica Correctional Facility, to the plaintiff class, either before or after disciplinary proceedings have been conducted. This order shall not prevent the defendants from denying any person visitation privileges for a single two week period for violation of visiting room rules and regulations.

So ordered.

---

3. See the affidavit of Mrs. Florence Fields annexed to the plaintiffs' motion for a preliminary injunction.

4. Holt and Miller, Explorations in Inmate-Family Relationships, report No. 46 (California Dept. of Corrections, January 1972), at 60–64.