**Earl CARTER, Plaintiff-Appellant,**

v.

**James KILBANE, Individually and in his capacity as Presiding Judge, Criminal Branch, Cuyahoga County Court of Common Pleas, and Ralph Kreiger, Individually and in his capacity as Sheriff of Cuyahoga County, Defendants-Appellees.**

No. 74–1292.

United States Court of Appeals, Sixth Circuit.

July 31, 1975.

Earl Carter, pro se and Douglas L. Rogers, Cleveland, Ohio, for plaintiff-appellant.

John Corrigan, Pros. Atty., George J. Sadd, Cuyahoga County, Albin Lipold, Cleveland, Ohio, for defendants-appellees.

Before EDWARDS, CELEBREZZE and LIVELY, Circuit Judges.

PER CURIAM.

Appellant Carter filed a complaint under 42 U.S.C. § 1983 (1970) claiming that although he had been indicted by an Ohio grand jury, he had been unconstitutionally denied a preliminary hearing on the question of probable cause to support his pretrial detention. Carter also sought to represent before the District Court a class of state prisoners similarly situated. The District Judge refused to certify the case as a class action and dismissed the complaint, holding that the Ohio grand jury indictment was effective for federal constitutional purposes as a determination of probable cause.

Before the case was argued in this court, Carter was tried and convicted and is now serving his sentence.

After the case was argued in this court, decision was deferred until release of the Supreme Court opinion in *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). In *Gerstein* the Supreme Court reaffirmed its holding that an indictment by a properly convened grand jury determines probable cause for federal constitutional purposes.[1]

Additionally, Carter's complaint is now clearly moot as to him. It might, nonetheless, have been regarded as a complaint capable of repetition yet evading review. *See Southern Pacific Terminal Co. v. Interstate Commerce Commission*, 219 U.S. 498, 515–16, 31 S.Ct. 279, 55 L.Ed. 310 (1911); *Moore v. Ogilvie*, 394 U.S. 814, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969). But in *Gerstein v. Pugh, supra,* and still other recent Supreme Court cases, that Court appears to have altered the mootness rule to the extent of requiring that in order to evade mootness there be a continuing controversy as to a named plaintiff or as to unnamed representatives of a properly determined class. *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); *Board of School Commissioners of Indianapolis v. Jacobs*, 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975).

In this case the District Judge considered the class action question and refused certification. Since, as he held, clearly in this situation every other person indicted will present differing facts as to continuing detention after arrest, we believe the District Court was correct.

The judgment of the District Court is affirmed.

---

1. *Gerstein v. Pugh, supra* at 117, n. 19, 95 S.Ct. 854.