546 F.2d 526
 Barbara BOYD et al., on behalf of themselves and all other
persons similarly situated, Plaintiffs-Appellants,
v.
The JUSTICES OF SPECIAL TERM, PART I, OF the SUPREME COURT
OF the STATE OF NEW YORK, BRONX COUNTY,
Individually and in their official
capacities, et al.,
Defendants-Appellees.
 No. 319, Docket 76-7234.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 16, 1976.
Decided Dec. 30, 1976.
 
 John E. Kirklin, Director of Litigation, Legal Aid Society, New York City (Kalman Finkel, Attorney-in-Charge, Legal Aid Society, Civ. Div., New York City, Michael D. Hampden, Attorney-in-Charge, Legal Aid Society, New York City), for plaintiffs-appellants.
 Louis J. Lefkowitz, Atty. Gen. of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., Michael P. Fogarty, Asst. Atty. Gen., New York City, of counsel, for defendants-appellees.
 Before MULLIGAN, TIMBERS and VAN GRAAFEILAND, Circuit Judges.
 PER CURIAM:
 
 
 1
 Some thirteen individuals who are allegedly indigent brought an action in the United States District Court for the Southern District of New York in December 1975 pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) seeking declaratory and injunctive relief against all the Justices of Special Term, Part I of the Supreme Court of the State of New York, Bronx County, to vindicate plaintiffs' claimed constitutional right to the assignment of counsel in their state divorce proceedings. The plaintiffs moved for certification of the action as a class action and also for the convening of a statutory three-judge court. In response, the defendants moved for dismissal on various grounds. On April 20, 1976 District Judge Kevin T. Duffy, finding that there was no case or controversy, dismissed the action. It is conceded that the named plaintiffs are currently represented in their divorce proceedings by counsel appointed by the Bronx office of the Legal Aid Society. Since the plaintiffs now have the relief which they sought in their federal action, counsel for their matrimonial litigation in the state court, we have no jurisdiction. "(F)ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971). No class action was certified below. Therefore appellants are not within any relaxation of the mootness doctrine provided by Sosna v. Iowa, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). Board of School Commissioners v. Jacobs, 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975).
 
 
 2
 Appellants' counsel argues that dismissal will only involve the bringing of a new action which will presumably add to the burgeoning calendars of the district court. We are therefore urged to forget that the case is moot and either decide the merits or direct the court below to call for a statutory three-judge court.[1] Since article III of the Constitution provides that we only have jurisdiction over cases and controversies, we have no power to act and thus dismiss this appeal. The Attorney General of the State of New York, who submitted a brief but did not argue, has asserted a variety of defenses to this action but not the mootness issue. We express no opinion upon the merits of the issues raised by either of the parties.[2]
 
 
 
 [1]
 28 U.S.C. § 2281, on which appellants' demand for a three-judge court is based, was repealed by P.L. 94-381 (Aug. 12, 1976). The earlier statute does stay in effect for all litigation commenced before August 13, 1976. Since this action began in December 1975 appellants' 28 U.S.C. § 2281 request would still be alive if the action presented a case or controversy
 
 
 [2]
 This is not a case in which certification of the class action can be related back to the date of the filing of the complaint so as to keep the controversy alive. See Gerstein v. Pugh, 420 U.S. 103, 110, n. 11, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); Sosna, supra, 419 U.S. at 402 n. 11, 95 S.Ct. 559. The relation back exception created in Gerstein and Sosna contemplates controversies so transitory that mootness inevitably intervenes before the District Court can "reasonably be expected to rule on a certification motion". Such was not the case here
 Nor do we think that Frost v. Weinberger, 515 F.2d 57, 62-65 (2d Cir. 1975), cert. denied, 424 U.S. 958, 96 S.Ct. 1435, 47 L.Ed.2d 364 (1976) (Friendly, J.), requires us to apply the relation back exception in this case. A mootness problem arose there because an administrative proceeding ordered by the District Court as interim relief for the named plaintiff was concluded before the District Court completed the business of certifying the class. In the instant case the circumstances leading to mootness occurred after the District Court had dismissed it and arose as the result of independent action taken by the named plaintiffs and their counsel.