John GERMANN et al., Appellants,

v.

Robert KIPP et al., Appellees.

No. 77–1445.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1977.

Decided March 15, 1978.

As Corrected April 3, 1978.

Rehearing Denied April 27, 1978.

Sandra C. Midkiff (argued), Pickett & Midkiff, and William H. Pickett, Kansas City, Mo., for appellants; Albert A. Riederer, Kansas City, Mo., of counsel.

Dan G. Jackson, III, Asst. City Atty. (argued), and Aaron A. Wilson, City Atty., Kansas City, Mo., for appellees.

Before LAY, BRIGHT, and HENLEY, Circuit Judges.

PER CURIAM.

In this action brought under 42 U.S.C. §§ 1981, 1983, and 1985 (1970), firefighters of Kansas City, Missouri, ask the court to enjoin the city from promoting certain firefighters, who are members of minority groups, pursuant to the city's affirmative action plan. They claim that the promotions constitute reverse discrimination and violate their right to equal protection. The district court [1] found in favor of the city, and the firefighters appeal. We hold that, because of events occurring since the district court's decision, the case is now moot.

In July of 1976, four battalion chief positions in the Fire Department became vacant. Pursuant to the city's affirmative action plan, two of the vacancies were designated "affirmative action," to be filled by qualified members of minority groups. One of the affirmative action vacancies was filled by an Indian who ranked No. 2 on the certification list. [2] The other was filled by a

---

1. The Honorable Elmo B. Hunter, District Judge, Western District of Missouri. Judge Hunter's opinion is reported at 429 F.Supp. 1323 (W.D.Mo.1977).

2. The certification list is the list of all employees eligible for the promotions. Rank is determined by scores on job-related achievement tests (75%) and seniority (25%). Judge Hunter pointed out that, although no one has charged that the achievement tests are racially discriminatory, the record contains no evidence that the tests have been validated. Therefore, "it would be speculative to assume that the

black firefighter who ranked No. 10 on the certification list. The firefighters challenge the latter promotion, claiming that it resulted in passing over five whites and one black holding higher positions on the certification list.

The plaintiffs in this action originally consisted of twenty firefighters, their union, and two union officials. The district court found that the only plaintiffs who had standing to maintain the action were John Tvedten, Robert McDonald, James Stevenin, Nathan Friends, and Charles Whitehead, for they held ranks No. 1, 3, 4, 6, and 7, respectively, on the certification list and were passed over for promotion. Of the remaining plaintiffs, two had been promoted to battalion chief and therefore were not injured by the challenged promotion. The remaining individual plaintiffs were not on the certification list; because they were ineligible for the promotion, they, too, were not injured by it. The district court found that neither the union nor the union officials had standing to assert the claims of others concerning the battalion chief promotions.[3] Further, the district court denied class certification. The firefighters have not challenged these decisions on appeal.

Since the district court decision, Tvedten, McDonald, Stevenin, Friends, and Whitehead have been promoted to battalion chief. Despite their promotions, they argue that

they remain injured by the challenged affirmative action promotion because of loss of seniority. In support, they cite the Memorandum of Understanding between the union and the city. Article III, section 2, of the agreement states:

Seniority for members of the bargaining unit above the rank of FAO [fire apparatus operator] is the employee's length of continuous service dating from his last date of appointment to his current position.

Thus, they argue, they would have had greater seniority, with its numerous attendant benefits under the Memorandum of Understanding, had they received the July 1976 promotion.

We find this argument unsupported by the record. The Memorandum of Understanding expressly excludes battalion chiefs from the bargaining unit.[4] The seniority system established by the Memorandum of Understanding therefore does not benefit these appellants. They have provided us with no other evidence of loss or injury resulting from the 1976 promotion.

No justiciable case or controversy now exists between the city and appellants Tvedten, McDonald, Stevenin, Friends, and Whitehead. The action has, therefore, become moot. *See Board of School Commissioners v. Jacobs,* 420 U.S. 128, 129, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975); *DeFunis v. Ode-*

qualifying test, in addition to separating those applicants who are qualified from those who are not, also ranks qualified applicants with precision, statistical validity, and predictive significance. See *Carter v. Gallagher,* [452 F.2d 315, 331 (8th Cir. 1971)]." 429 F.Supp. at 1334 n.20.

3. The complaint originally challenged three promotions to the position of fire captain in addition to the battalion chief promotion. In his opinion, Judge Hunter suggested that the other plaintiffs might have standing to challenge those promotions, but he expressly declined to consider that question, noting that such a determination was unnecessary given the fact that five plaintiffs had standing to maintain the action. 429 F.Supp. at 1329. Because we find that the case is moot as to those five parties, the question whether any others of the original plaintiffs have standing to challenge the fire captain promotion arises. In reviewing the record, however, we find that the

minority group members to whom those promotions were offered declined the promotions. Moreover, counsel for the firefighters has not pressed that claim either in the district court or on this appeal. We therefore deem that claim to be abandoned.

4. Article I, section 1, of the Memorandum of Understanding in effect from July 9, 1976, through April 30, 1979, reads as follows:

The City recognizes the Union as exclusive bargaining representative for all firefighters, fire apparatus operators, captains, fire alarm dispatchers, mechanics and fire prevention inspectors in its Fire Department and any employees in positions which may be created below the rank of captain, but excluding supervisors, including battalion chief, deputy fire chief, superintendent of garage, superintendent of alarm, and chief fire prevention inspectors.

*gaard,* 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974); *Hall v. Beals,* 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969).[5]

The judgment of the district court is vacated and the case is remanded to the district court with directions to dismiss the cause as moot.

---

**5.** Appellants cite two cases, *Parham v. Southwestern Bell Telephone Co.,* 433 F.2d 421 (8th Cir. 1970), and *Rowe v. General Motors Corporation,* 457 F.2d 348 (5th Cir. 1972), in support of their argument that the present case should not be dismissed as moot. The courts in those cases found that the employers' actions in offering promotions or employment to the plaintiffs did not moot the cases. These cases are inapposite because both were class actions in which class claims remained, regardless of the status of the named plaintiffs. *See Sosna v. Iowa,* 419 U.S. 393, 402, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); *Franks v. Bowman Trans-* *portation Co., Inc.,* 424 U.S. 747, 756, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976). We have recognized that, in cases where the defendant has voluntarily cured the alleged wrong, the case will not be moot if there is a reasonable likelihood that the wrong will be repeated. *See State Highway Commission v. Volpe,* 479 F.2d 1099, 1106 (8th Cir. 1973); *accord, United States v. W. T. Grant Co.,* 345 U.S. 629, 632–33, 73 S.Ct. 894, 97 L.Ed. 1303 (1953). The appellants in the present case, however, have not shown any likelihood that the city will take future action under the affirmative action plan that will injure them.