Wayne C. BRANSTED, Duane Wetzel, and Manuel Ortiz, Plaintiffs,

v.

Michael WOLKE, Sheriff, Milwaukee County, Dr. John Doe and Jane Doe, Nursing Staff, Milwaukee County Jail, Defendants.

No. 77–C–97.

United States District Court, E. D. Wisconsin.

Aug. 23, 1978.

Wayne C. Bransted, Manuel Ortiz, Duane Wetzel, pro se.

Robert P. Russell Corp. Counsel by Gerald G. Pagel, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

This action is before me on the motion of the defendants for summary judgment. The plaintiffs in this case brought a pro se complaint against the Milwaukee County sheriff and various members of the staff of the Milwaukee County jail, alleging that while at the jail the plaintiffs were afford-ed inadequate medical treatment and inadequate access to the courts. The plaintiffs requested both damages and injunctive relief for their injuries.

Rule 56, Federal Rules of Civil Procedure, provides that summary judgment may be granted to a party if there is no dispute as to material facts and that party is entitled to the judgment as a matter of law. The plaintiffs admit that they are no longer detained in the Milwaukee County jail. Since the plaintiffs are no longer subject to the conditions of which they complain, I find that the requests for injunctive relief are moot. *Preiser v. Newkirk,* 422 U.S. 395, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975); *Board of School Commissioners v. Jacobs,* 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975); *Fore v. Godwin,* 407 F.Supp. 145 (E.D.Va.1976). Thus the defendants are entitled to summary judgment as to the plaintiffs' claims for injunctive relief.

There still remains the claims for damages arising from allegedly inadequate medical care and a denial of access to the courts. In *Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1977), the Court set forth the constitutional standard by which medical care in prisons should be measured:

"We therefore conclude that *deliberate indifference to serious medical needs of prisoners* constitutes the 'unnecessary and wanton infliction of pain,' *Gregg v. Georgia,* supra, at 173 [428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859] (joint opinion), proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." (emphasis added).

The defendant, Lynne De Vaud, a nurse at the Milwaukee County jail, testified in affidavits as to the medical treatment afforded each of the plaintiffs. Plaintiff, Wayne Bransted was at the Milwaukee

County jail for seventeen days. Mr. Bransted spoke to a nurse several times and was examined by a doctor three days after he entered the jail. The doctor prescribed pain pills for the discomfort caused by a loose plate in the plaintiff's jaw. An appointment was set up for an examination at the medical and plastic surgery clinic to deal directly with Mr. Bransted's condition. However, Mr. Bransted was transferred from the jail before the date of his appointment.

Ms. De Vaud also avers that Duane Wetzel was seen by doctors both at the jail and at the orthopedic clinic of Milwaukee County hospital for a problem with his wrist. The doctor at the jail examined Mr. Wetzel and prescribed medication for him on three other occasions.

Ms. De Vaud further avers that the plaintiff, Manuel Ortiz, was provided with medication for heroin withdrawal on the day he entered the jail. Three days later he was examined by a doctor for that condition. A month later a doctor at the jail ordered a high protein diet along with laboratory tests to deal with Mr. Ortiz' complaint of a problem with his liver. Following such examinations, treatment with vitamins was prescribed.

In response to the affidavits and documents supplied by the defendants, the plaintiffs have stated that Ms. De Vaud does not qualify as an "expert witness." Rule 56(e), Federal Rules of Civil Procedure, requires that "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." I believe that the statements of Ms. De Vaud, as supported by the documents which accompanied her affidavit, meet the requirements of Rule 56(e).

Rule 56(e) also states,

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

The plaintiffs have not submitted any affidavits or other evidence to contradict the affidavits and documents submitted by the defendants. On the basis of the affidavits submitted by the defendants I am persuaded that the defendants were not deliberately indifferent to the medical needs of the plaintiffs. Therefore, as to the claims for damage due to inadequate medical treatment the defendants are entitled to summary judgment.

The plaintiffs also allege that they were denied access to the courts when they were refused "legal paper, carbon paper, typewriter, telephone, court decisions, statute books and other needed items." In response to these allegations the defendants have stated that since the plaintiffs are indigent, the county would appoint attorneys for them upon request. The plaintiffs have not denied this statement.

In *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977) (emphasis added), the Court stated, "[w]e hold, therefore, that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law." Since the plaintiffs in the case at bar have not disputed the fact that the county would supply the plaintiffs with attorneys, the defendants are entitled to summary judgment as to the claims for damage due to denial of access to the courts.

Therefore, IT IS ORDERED that the motion of the defendants for summary judgment be and hereby is granted.

IT IS ALSO ORDERED that this action be and hereby is dismissed.