Donald P. VINCENT et al., Appellants,

v.

Harold BROWN, Secretary of Defense, et al.

No. 75–1096.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 9, 1976.

Decided Oct. 23, 1978.

as the proper conclusion, then transfer pursuant to § 1406(a) might be considered.  See note 5 *supra.*

Edward F. Sherman, Austin, Tex., of the bar of the Supreme Court of Texas, pro hac vice, by special leave of Court, with whom Melvin L. Wulf, New York City, and David F. Addlestone, Washington, D. C., were on the brief, for appellants.

Jonathan B. Marks, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., and John A. Terry, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellees.

Before BAZELON and ROBINSON, Circuit Judges, and JUSTICE,* United States District Judge for the Eastern District of Texas.

Opinion PER CURIAM.

* Sitting by designation pursuant to 28 U.S.C. § 292(d).

**PER CURIAM:**

Five named individuals and two organizations initiated this litigation to challenge the Clemency Program, established in 1974 by Presidential Proclamation 4313.[1] Under the program, those absent from military service without authorization between August 4, 1964 and March 28, 1973, were relieved from possible prosecution in return for an oath of allegiance to the United States and completion of alternative service supervised by the Director of Selective Service.[2] Participants were to be granted undesirable discharges that would be upgraded to clemency discharges upon completion of the program.[3]

Appellants initially complained that the administration of the Clemency Program violated the spirit of both Proclamation 4313 and the due process clause of the Fifth Amendment. The District Court dismissed the case as involving political questions and as not presenting a significant deprivation that would trigger Fifth Amendment protections.[4]

The district court did not determine that the suit might properly be maintained as a class action, so the continuing viability of the litigation depends upon the existence of a live controversy between the named parties.[5] The vitality of this suit, however, has been sapped by intervening events. In 1977, the Department of Defense initiated the Special Discharge Review Program to review the status of Vietnam era deserters and draft evaders;[6] Congress further modified procedures of the Discharge Review Boards (DRB) the following year.[7]

Neither organization originally involved in the suit still exists, and appellants concede that four of the named individuals have resolved their grievances with the military through the reformed DRBs.[8] Thus only one possible plaintiff, Lloyd Vance, remains. Under the existing discharge review program, anyone who, like Vance, subjected himself to the Clemency Program may obtain a re-evaluation of the conditions of his discharge, with the right to a hearing and a full review of his case.[9] Vance contends that the regulation covering discharge review unfairly places a burden of proof on him by permitting a "presumption" of propriety for the Clemency Program order.[10] We are unable to rule on this claim in the current posture of the case. The "presumption" accorded by the regulation may saddle Vance with no more than the burden of going forward, an obligation borne by the moving party in any litigation; it may prove to be a decisional factor of some weight. We simply cannot determine the contours of the presumption on this appeal.[11]

Our determination in this regard is supported by judicial practice of refraining

---

1. Program for Return of Vietnam Era Draft Evaders and Military Deserters, 39 Fed.Reg. 33293, [1974] U.S. Code Cong. & Admin. News, p. 8216 [hereinafter cited as Program]. *See also* Exec. Order No. 11803, 39 Fed.Reg. 33297 (1974). The appellant unincorporated associations were the Clemency Information Center and the War Resistor Information Program.

2. Program, *supra note* 1, at 33294, [1974] U.S. Code Cong. & Admin. News, p. 8216.

3. *Id.* at 33295, [1974] U.S. Code Cong. & Admin. News, p. 8216.

4. *Vincent v. Schlesinger,* 388 F.Supp. 370 (D.D.C.1975).

5. *Board of School Comm'rs v. Jacobs,* 420 U.S. 128, 129, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975). *Cf. Baxter v. Palmigiano,* 425 U.S. 308, 310–11 n.1, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976).

6. 42 Fed.Reg. 21308 (1977).

7. Pub.L.No. 95–126, 91 Stat. 1106 (1977).

8. Appellants' Supplemental Memorandum at 2–3.

9. Department of Army, Release of April 5, 1977, Special Discharge Review Program 1–2.

10. *See* 43 Fed.Reg. 13570 (1978) (to be codified at 32 C.F.R. § 70.5(b)(12)(vi) (1978)) ("There is a presumption of regularity in the conduct of governmental affairs. This presumption can be applied in any review unless there is substantial credible evidence to rebut the presumption").

11. We do not even reach the question of mootness raised by the administrative and legislative changes in the Discharge Review Boards since this suit was filed.

from ruling on constitutional questions before "required administrative procedures have been exhausted."[12] We are mindful that "[i]mportant tenets adjure needless determinations of constitutional issues,"[13] and we are loath to pronounce on the issues that Vance presents without knowing whether any useful purpose will be served thereby.[14] Accordingly, we remand the case to the District Court so that it may consider the impact of intervening events on plaintiff's suit and to afford plaintiff the opportunity to seek his administrative remedy.

*So ordered.*

---

**12.** *Allen v. Grand Central Aircraft Co.,* 347 U.S. 535, 553, 74 S.Ct. 745, 98 L.Ed. 933 (1954); *Aircraft & Diesel Equipment Corp. v. Hirsch,* 331 U.S. 752, 767–68, 67 S.Ct. 1493, 91 L.Ed. 1796 (1947).

**13.** *Ralpho v. Bell,* 186 U.S.App.D.C. 368, 380, 569 F.2d 607, 619 (1977) (citing *Ashwander v. TVA,* 297 U.S. 288, 345–48, 56 S.Ct. 466, 80 L.Ed. 688 (1938) (Brandeis, J., concurring)).

**14.** *See Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975); *Ellis v. Dyson,* 421 U.S. 426, 434–35, 95 S.Ct. 1691, 44 L.Ed.2d 274 (1975); *Golden v. Zwickler,* 394 U.S. 103, 108–10, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969).