Jean **VALENTINE, individually and on behalf of all others similarly situated,** Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

No. C–81–4162 SAW.

United States District Court, N. D. California.

July 6, 1982.

Michael Shepard, Susan K. Jackson, Legal Aid Society of San Mateo County, Redwood City, Cal., for plaintiff.

Barbara Parker, Asst. U. S. Atty., San Francisco, Cal., for defendant.

### ORDER GRANTING DEFENDANT'S MOTIONS

WEIGEL, District Judge.

Plaintiff brings this purported class action alleging (1) that her Supplemental Security Income (SSI) benefits were terminated without a hearing "meeting due process and statutory standards," and (2) that defendant Secretary's regulations concerning SSI do not comport with the due process standards outlined in *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

On July 28, 1981, plaintiff was informed that her SSI benefits were being terminated. A pre-termination conference was held on September 17, 1981. In a notice dated September 21, 1981, she was informed that the original decision to terminate her SSI benefits was upheld. Plaintiff contends that the "reconsideration procedure" was constitutionally defective since (1) the hearing officer presiding over the pre-termination conference contacted, after the conference, various individuals concerning the facts at issue, thereby depriving plaintiff of her right to cross-examine witnesses, (2) the hearing officer relied on those contacts in upholding the original decision to terminate plaintiff's benefits, and (3) the hearing officer's written decision did not inform plaintiff of the nature of the contacts nor of the facts upon which the decision was based. Plaintiff further contends that defendant's regulations permit the hearing officer's actions, and are thus constitutionally defective.

After plaintiff filed this suit, she accepted defendant's offer to rescind the September 21, 1981 reconsideration determination,

to reinstate her to payment status and to reconvene the formal reconsideration conference. Following consideration of additional evidence submitted by plaintiff, defendant determined that plaintiff was still eligible for SSI benefits. Accordingly, plaintiff was awarded full retroactive SSI benefit payments and reinstated to the SSI program.

There are now four motions before the Court. Defendant moves to dismiss plaintiff's suit for lack of subject matter jurisdiction and on grounds of mootness. Plaintiff moves for class certification and for a preliminary injunction. Mary Dixon, Phyllis Halvorsen and Galacio Matias apply for leave to intervene as plaintiffs. The Court finds that defendant's motion to dismiss on the ground of mootness must be granted. The remaining motions are denied.

■ It is clear that plaintiff's claim for SSI benefits has been satisfied. Plaintiff asserts that, nonetheless, her claim is not moot since defendant's conduct is "capable of repetition yet evading review" and since any alleged "mootness" results from defendant's voluntary cessation of the challenged conduct. The Court cannot, however, conclude that the challenged conduct is, by its very nature, of such a limited duration that judicial review thereof would be precluded. Although an appeal to an Administrative Law Judge might result in a decision mooting plaintiff's claim, such an appeal, as plaintiff admits, would take "many months." Plaintiff's Memo in Support, p. 13. Plaintiff has presented no evidence whatever supporting her contention that a district court could not rule on a claim such as the one plaintiff presents before an appeal to the ALJ was decided. Indeed, plaintiff's claim was not mooted by an appeal to the ALJ. Rather, it was mooted when defendant afforded plaintiff a reconsideration hearing complying with the commands of due process.

Moreover, in this particular case it is irrelevant that plaintiff's claim was mooted because defendant voluntarily ceased the challenged conduct. A defendant's voluntary cessation of challenged conduct moots a case if "there is no reasonable expectation that the wrong will be repeated." *United States v. W. T. Grant Co.*, 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953). Here, defendant does not challenge plaintiff's claim that the requirements set forth in *Goldberg v. Kelly* apply to the SSI program, nor does defendant challenge the claim that under *Goldberg* (1) a benefits recipient is entitled to a pre-termination hearing, (2) the decision regarding the recipient's eligibility must rest solely on the legal rules and evidence adduced at that hearing, and (3) the decisionmaker must state his reasons for his determination. Rather, defendant urges that his regulations, while not parroting the exact language of *Goldberg*, can and should be interpreted to comply with *Goldberg*. Since there is no dispute between the parties concerning the applicability and substance of the *Goldberg* requirements, there is no reasonable expectation that the specific conduct which plaintiff has challenged will be repeated. Indeed, it should be noted that none of the three applicants for intervention presents a valid claim that defendant's regulations have been interpreted and applied in an unconstitutional manner.

■ Finally, the mootness of plaintiff's individual claim requires the Court to dismiss the class action. Both the Supreme Court and the Ninth Circuit have held that the mootness of a named plaintiff's claim moots the entire case where class certification has not been granted at the time plaintiff's claim becomes moot. *Board of School Commissioners v. Jacobs*, 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975); *Weinstein v. Bradford*, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975); *Kuahulu v. Employers Insurance of Wausau*, 557 F.2d 1334 (9th Cir. 1977). The Supreme Court has created exceptions to this rule when the case is of such a type that it is unlikely that the court could ever hear a class certification motion before the case became moot as to the named plaintiff, *Gerstein v. Pugh*, 420 U.S. 103, 110–11 n.11, 95 S.Ct. 854, 861 n.11, 43 L.Ed.2d 54 (1975), or when named plaintiff is appealing a denial of a class certification

motion made at a time when plaintiff's substantive claim was not moot. *United States Parole Commission v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) ("relation back doctrine"). Neither of these exceptions applies here.

 The suit might still remain alive if the Court were to grant the pending application for intervention. Under Fed.R. Civ.P. 24(b), an individual may be permitted to intervene in a pending case if the individual's claim and the main action have a question of law or fact in common. However, the claims of the applicants for intervention differ substantially from the claims of the named plaintiff. Two of the applicants have claims having nothing to do with the payment of current SSI benefits—Phyllis Halvorsen's claim relates to the payment of retroactive benefits, and Galacio Matias' claim relates to the computation of the amount he owes the SSA. The third applicant—Mary Dixon—has not yet had a pre-termination conference. Since the purported claims of the applicants for intervention have little in common with plaintiff's claim based on the pre-termination procedural due process requirements established by *Goldberg*, the application for intervention must be denied. Accordingly,

IT IS HEREBY ORDERED that defendant's motion to dismiss is granted.

IT IS FURTHER HEREBY ORDERED that the application for intervention is denied.

IT IS FURTHER HEREBY ORDERED that plaintiff's motion for class certification is denied.

IT IS FURTHER HEREBY ORDERED that plaintiff's motion for a preliminary injunction is denied.