**Mary DOE, et al., Plaintiffs,**

v.

**Arthur K. BOLTON, et al., Defendants.**

**No. 13676.**

United States District Court,
N.D. Georgia.

May 2, 1989.

Michael P. Farris, Great Falls, Va., Wendell R. Bird, Atlanta, Ga., for Mary Doe.

Margie Pitts Hames, Atlanta, Ga., Tobiane Schwartz, New York City, Elizabeth A. Rindskopf, Washington, D.C., Bettye H. Kehrer, Austell, Ga., for remaining plaintiffs.

## ORDER

FORRESTER, District Judge.

This matter is before the court on plaintiff Sandra Bensing Cano's, formerly known as Mary Doe (hereinafter referred to as "plaintiff Doe"), motion to substitute counsel. Plaintiff Doe seeks an order substituting her current attorneys, Michael P. Farris and Wendell R. Bird, as counsel of record for the class plaintiff Doe purported to represent in this action commenced April 16, 1970. Current counsel of record are Margie Pitts Hames, Tobiane Schwartz, Betty Kehrer, and Elizabeth Rindskopf.

## I. HISTORY OF THE CASE.

This action was filed for declaratory and injunctive relief against enforcement of the Georgia Abortion Act, O.C.G.A. § 26–1201, et seq. Challenging the constitutionality of the Act were twenty-six named plaintiffs [1] purporting to represent four classes: (1) pregnant women, single or married, wishing legal abortions; (2) licensed physicians who wished to perform or counsel performance of legal abortions; (3) registered nurses who desired to participate in performing or counsel of legal abortions; and (4) ministers and social workers who wished to be free to advise abortion in counseling pregnant women. By order entered July 31, 1970, however, the court dismissed each plaintiff representative except plaintiff Doe for failure to state a justiciable claim; i.e., for lack of a live case or controversy. See July 31, 1970 order at 6–10. Judgment was subsequently entered in plaintiff Doe's favor August 25, 1970 declaring substantial portions of the Act unconstitutional. The court declined to invalidate the Act in its entirety, however, holding that once conception takes place and an embryo forms, the woman carries a life form with the potential of independent human existence justifying regulation of the manner of performance as well as the quality of the final decision to abort. Id. at 12–14.

All parties appealed to the United States Supreme Court with defendants' appeal ultimately being dismissed for lack of jurisdiction. Doe v. Bolton, 402 U.S. 941, 91 S.Ct. 1614, 29 L.Ed.2d 109 (1971). On appeal, the Supreme Court reinstated the claims of the physician plaintiffs, holding that they too presented justiciable controversies. Doe v. Bolton, 410 U.S. 179, 188, 93 S.Ct. 739, 745, 35 L.Ed.2d 201 (1972). The decision of the district court was modified and affirmed. Id. at 202, 93 S.Ct. at 752. The mandate of the Supreme Court was made the judgment of the district court March 12, 1973. The Georgia Abortion Act was repealed one month later by the Georgia General Assembly. 1973 Ga. Sess.Laws, p. 635. Following resolution of several post-judgment matters, this action was closed August 17, 1973.

On December 9, 1988, plaintiff Doe, appearing pro se, returned to the court to request that the sealed [2] envelope attached to her complaint containing her true identity be unsealed. By stipulation approved January 4, 1989, plaintiff Doe waived her attorney-client privilege with her original attorneys [3] and attorneys Farris and Bird were substituted as her counsel of record. In addition, the envelope containing plaintiff Doe's true identity was unsealed establishing her correct name as Sandra Kay Bensing, now Sandra Bensing Cano. By the present motion, plaintiff Doe asks the court to substitute her current attorneys as counsel of record for the class she purported to represent when this action commenced in 1970; i.e., pregnant women, married or single, allegedly wishing legal abortions.

## II. DISCUSSION.

Plaintiff Doe's former attorneys oppose the motion to substitute counsel on several grounds. The court need not reach these issues, however, because it finds that plain-

---

1. In addition to plaintiff Doe, these included: nine physicians, seven registered nurses, five clergymen, two social workers and two nonprofit Georgia corporations advocating abortion reform.

2. The envelope was literally sealed by plaintiff's counsel but was apparently never ordered sealed by the court.

3. Margie Pitts Hames, et al.

tiff Doe never represented a class and further that no aspect of this action ever achieved class status. This conclusion is based on the observation that, while the complaint sufficiently alleged the prerequisites to a class action, see Fed.R.Civ.P. 23, no order of certification was ever entered. Without such certification, the action cannot properly be afforded class action status. *Baxter v. Palmigiano*, 425 U.S. 308, 311 n. 1, 96 S.Ct. 1551, 1554 n. 1, 47 L.Ed.2d 810 (1975) (citing *Board of School Commissioners v. Jacobs*, 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1974)). It is not enough that all the parties and the courts have heretofore treated the action as a class action. *Pasadena City Board of Education v. Spangler*, 427 U.S. 424, 430, 96 S.Ct. 2697, 2702, 49 L.Ed.2d 599 (1975). As the Fourth Circuit Court of Appeals has observed,

> It is the actual certification of the action as a class action under [Rule] 23(c) and (a) which alone gives birth to "the class as a jurisprudential entity," changes the action from a mere individual suit with class allegations into a true class action qualifying under [Rule] 23(a), and provides that sharp line of demarcation between an individual action seeking to become a class action and an actual class action (citations omitted).

*Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1304 (4th Cir.1978). Thus, in the absence of class certification, the court is enjoined to treat this action as one brought by the named plaintiffs on their own behalf. *Pharo v. Smith*, 621 F.2d 656, 664 (5th Cir. 1980). The sole plaintiffs to this action are therefore plaintiff Doe and the nine plaintiff physicians.

The lack of class certification is dispositive of plaintiff Doe's motion. As previously noted, all plaintiffs save plaintiff Doe and the plaintiff physicians were dismissed for failure to state a justiciable claim. Unlike the plaintiff physicians of which there were nine, plaintiff Doe was the only plaintiff purporting to represent her particular class; i.e., pregnant women desiring abortions. Because attorneys Farris and Bird are already counsel of record for plaintiff Doe, the instant motion must be viewed as moot.[4] Accordingly, plaintiff Doe's motion to substitute counsel must be denied.

### III.  STATUS OF THE CASE.

Plaintiff Doe points out that under certain limited circumstances, a closed case may be reopened and the judgment therein vacated. *See* Fed.R.Civ.P. 60(b). Her present attorneys assert that they are "diligently investigating whether proper grounds exist" for such a motion. Reply at 4. While plaintiff Doe briefly addresses the question, the court is concerned by the apparent lack of any justiciable controversy in view of the Georgia General Assembly's repeal of the Georgia Abortion Act. While the Supreme Court's decision in this action as well as in its companion case, *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), was far-reaching, the fact remains that the action was brought as a challenge to the validity of a state law which, by virtue of the legislative action, no longer exists. Regardless of the merit of any forthcoming motion to reopen, the court is without power to reinstate the Act. The parties should be prepared to address these concerns at the appropriate time.

### IV.  CONCLUSION.

In sum, plaintiffs' motion to substitute counsel is DENIED.

SO ORDERED.

---

4. Plaintiff's motion is directed only to the class plaintiff Doe originally purported to represent. Attorneys Farris and Bird disclaim any interest in being substituted as counsel of record for the plaintiff physicians. Reply at 4.