United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 31, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-11341
Summary Calendar
_____

HOLLISTER GARDNER; ET AL.,

Plaintiffs,

HOLLISTER GARDNER,

Plaintiff-Appellant,

versus

TULIA INDEPENDENT SCHOOL DISTRICT; JEANETT HERRING, In her
official capacity and in her individual capacity as Trustee;
SAM SADLER, In his official capacity and in his individual
capacity as Trustee; SCOTT BURROW, In his official capacity
and in his individual capacity as Trustee; ANNA GRANADO, In
her official capacity and in her individual capacity as
Trustee; BOYD MILNER, In his official capacity and in his
individual capacity as Trustee; BEN HOWARD, In his official
capacity and in his individual capacity as Trustee; GARY
GARDNER, In his official capacity as Trustee,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:97-CV-20
USDC No. 2:97-CV-41
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Hollister Gardner (Hollister) is a former student of a school in the Tulia Independent School District (TISD). While Hollister was attending TISD schools, he participated in extra curricular activity. In the fall of 1996, TISD's board of trustees approved the development of a suspicionless, random student drug testing program for students involved in school-sponsored extra-curricular activities. The drug-testing program was implemented in January 1997.

Hollister appeals the district court's denial of declaratory and injunctive relief from implementation of TISD's drug testing. Hollister fails to brief any claim he has for money damages stemming from the alleged unconstitutional policy, and he has waived any issue on appeal in that regard. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Because Hollister has graduated from high school, the instant appeal from the district court's denial of declaratory and injunctive relief is moot. Bd. of Sch. Comm'rs of Indianapolis v. Jacobs, 420 U.S. 128, 129 (1975) (per curiam); McClelland v. Gronwaldt, 155 F.3d 507, 514 (5th Cir. 1998). Hollister's appeal is, therefore, DISMISSED.

The court notes that Hollister's appellate brief contained expletives and discussion bordering on profane to support his argument that teenagers are easily embarrassed by urinalysis drug testing. Hollister is WARNED that this court will not tolerate such language in any future filings by Hollister.

TISD's motion to file a supplemental brief is DENIED as unnecessary.