**Steve TUCKER; Anita Laron O'Connell, Plaintiffs— Appellees,**

v.

**INTEL CORPORATION, Defendant— Appellant.**

No. 03–17079.

D.C. No. CV–02–04191–RMW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 16, 2005.

Decided July 5, 2005.

Rob D. Macdonald, Steven White, White & Macdonald Llp, San Jose, CA, for Plaintiffs–Appellees.

William W. Palmer, Law Office of William W. Palmer, Sacramento, CA, Rob D. Macdonald, Steven White, Mary E. Arand, James McManis, McManis Faulkner & Morgan, San Jose, CA, Perkins Coie Brown & Bain, Pa, Phoenix, AZ, for Defendants–Appellants.

Before SCHROEDER, Chief Judge, CANBY and HAWKINS, Circuit Judges.

MEMORANDUM *

Steven Tucker and Anita Laron O'Connell (hereinafter "Tucker") brought a puta-

---

**14.** *See Ameline,* 409 F.3d at 1085.

* This disposition is not appropriate for publication and may not be cited to or by the courts

tive class action in state court alleging that Intel improperly transferred the stock of 600 former Intel shareholders to the Office of the California Controller pursuant to California's Unclaimed Property Law. Intel removed the action to federal court and sought dismissal of the complaint as preempted by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). *See* 15 U.S.C. §§ 77p(c), 78bb(f)(2). The district court ruled that the state claims were not preempted and it accordingly denied the motion to dismiss.

After that decision, the district court dismissed with prejudice all the claims brought by the named plaintiffs.[1] It then dismissed the putative class claims without prejudice. No class was ever certified.

Intel now appeals the dismissal of the uncertified class claims without prejudice, arguing that the district court erred when it ruled that those claims were not preempted by SLUSA.

We conclude that there is no case or controversy before us.[2] Tucker can no longer pursue the class claims because his individual claim has been extinguished; it was dismissed with prejudice and that dismissal was not appealed. "A named plaintiff whose claim expires may not continue to press the appeal on the merits until a class has been properly certified." *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 404, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). We conclude that this inability of the plaintiffs in turn precludes Intel, as a defendant, from pursuing an appeal of the merits of a putative class action when the class has not been certified and the named plaintiff's claims have expired. *See id.* at 401 n. 7, 100 S.Ct. 1202 (citing *Bd. of Sch. Comm'rs v. Jacobs,* 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975); *Weinstein v. Bradford,* 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975); *Pasadena City Bd. of Educ. v. Spangler,* 427 U.S. 424, 430, 96 S.Ct. 2697, 49 L.Ed.2d 599 (1976)).

Intel would have us rule on the question whether state-law class claims are preempted when there is no party with standing to defend this appeal or pursue those claims and the class is not certified. Our opinion on the preemption issue would be advisory; the putative class action is now moot. We accordingly vacate the district court's SLUSA ruling and its judgment on the putative class claims, and remand with instructions to dismiss the putative class claims as moot. *See United States v. Munsingwear, Inc.,* 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36 (1950) ("The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss.").

**VACATED and REMANDED with instructions.**

---

of this circuit except as provided by Ninth Circuit Rule 36–3.

1. All but one of Tucker's claims were dismissed as time-barred and, after that ruling, Tucker moved to dismiss his remaining declaratory judgment claim as well, resulting in dismissal of all of his individual claims with prejudice.

2. We review de novo issues related to standing and mootness. *See Buono v. Norton,* 371 F.3d 543, 546 (9th Cir.2004); *S. Or. Barter Fair v. Jackson County,* 372 F.3d 1128, 1133 (9th Cir.2004).