**James R. COKLEY, Plaintiff,**

v.

**Mike HAYDEN, et al., Defendants.**

**No. 88–3350–S.**

United States District Court,
D. Kansas.

Jan. 31, 1990.

Steven W. Kessler, Topeka, Kan., for plaintiff.

Carol R. Bonebrake, Asst. Atty. Gen., Topeka, Kan., for defendants.

ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' motion to dismiss. Having reviewed the motion, the response thereto, and the pleadings filed in this matter, the court makes the following findings and order.

Plaintiff filed this complaint claiming that the defendants violated his constitutional rights by requiring him to participate in a "religiously oriented" substance abuse program at the Norton Correctional Facility, Norton, Kansas, in order to become eligible for parole. In his complaint, plaintiff asks the court to certify this action as a class action and grant declaratory and other equitable relief.

Defendants assert that this action has been rendered moot. In support of their claim, defendants state that the Kansas Parole Board issued an order on January 9, 1989, placing plaintiff on "continued" status pending the development of a residential treatment parole plan. In this "continued" status, defendants claim, plaintiff is only required to develop and submit a parole plan and is no longer required to participate in a substance abuse program.

*Motion to Dismiss*

Because the defendants have submitted documentary evidence in support of their motion, the court will treat the motion as one for summary judgment.

*Motion for Summary Judgment*

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.,* 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may

be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block,* 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

*Discussion*

■ The court finds it appropriate to grant the defendants' motion for summary judgment. Pursuant to Art. III of the Constitution and the express terms of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, a federal court must be satisfied that a cause of action presents a "live and acute controversy". *Steffel v. Thompson,* 415 U.S. 452, 459, 94 S.Ct. 1209, 1215, 39 L.Ed.2d 505 (1974). Stated differently, "an actual controversy must be extant at all states of review, not merely at the time the complaint is filed." *Id.* Here, the evidence presented by defendants demonstrates that plaintiff is no longer required to participate in a substance abuse program in order to become eligible for parole. Moreover, plaintiff is no longer incarcerated at the Norton Correctional Facility and is clearly not participating in the substance abuse program described in the complaint. Finally, plaintiff has failed to demonstrate that there is a reasonable expectation that he will be subjected to the same action in the future. *See Weinstein v. Bradford,* 423

U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975). The court therefore concludes that this action is moot and is appropriately dismissed.

As a final note, the court rejects any argument that this case should not be dismissed because other inmates in the Kansas Correctional system are required to participate in similar substance abuse programs. This action has never been certified as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Because plaintiff's claims are moot, he may not now attempt to certify himself as the representative of a class. *See Board of School Commissioners of City of Indianapolis v. Jacobs*, 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975).

IT IS THEREFORE ORDERED that defendants' motion for summary judgment is hereby granted.

IT IS FURTHER ORDERED that this action is dismissed and all relief denied.