*Coalition of Watershed Towns v. EPA*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term 2008

(Argued: December 12, 2008                                    Decided: December 29, 2008)

Docket Nos 07-2449-ag (L), 07-3912-ag (Con)

THE COALITION OF WATERSHED TOWNS,
        THE TOWN OF HUNTER, NEW YORK,
        THE TOWN OF ROXBURY, NEW YORK,
        THE TOWN OF HAMDEN, NEW YORK,

                *Petitioners,*

                -v.-

THE UNITED STATES ENVIRONMENTAL
        PROTECTION AGENCY,

                *Respondent,*

                -and-

THE NEW YORK STATE DEPARTMENT OF HEALTH,
        RICHARD M. DAINES, M.D., as Commissioner
        of the New York State Department of
        Health, and THE CITY OF NEW YORK,

                *Intervenors-Respondents.*

Before: FEINBERG, CABRANES, and WESLEY, *Circuit Judges.*

        Petitioners, a confederation of towns in the Catskill and Delaware watershed region of New

York, seek review of two actions by the United States Environmental Protection Agency. For the

reasons explained in this opinion, we may not address the merits of the petition because petitioners

lack standing to sue under Article III of the Constitution. Specifically, petitioners have not shown that

their proposed injuries are likely to be redressed by a favorable court decision. The petition is

1

**DENIED**.

JOSEPH F. CASTIGLIONE (Kevin M. Young, *on the brief*), Young, Sommer, Ward, Ritzenberg, Baker & Moore, LLC, Albany, NY *for Petitioners.*

CAROLINE H. WEHLING (Phyllis Feinmark, Chris Saporita, *on the brief*), United States Environmental Protection Agency, Washington, D.C. (Ronald J. Tenpas, Assistant Attorney General, John C. Cruden, Deputy Assistant Attorney General, and Stephen E. Crowley, Attorney, United States Department of Justice, Washington, D.C., *on the brief) for Respondent.*

PHILIP M. BEIN, Assistant Attorney General, Environmental Protection Bureau (Andrew M. Cuomo, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Benjamin N. Gutman, Deputy Solicitor General, Monica Wagner, Assistant Solicitor General, and Katherine Kennedy, Special Deputy Attorney General *on the briefs*), Office of the Attorney General of the State of New York, Albany, NY, *for Intervenor-Respondent New York State Department of Health*

HILARY MELTZER, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel of the City of New York, and Carrie Noteboom, *on the brief*), New York City Law Department, New York, NY, *for Intervenor-Respondent City of New York*

PER CURIAM.

Petitioners are three towns in the Catskill and Delaware watershed region of New York State (the "Towns"). For many years, they actively negotiated with and litigated against New York City (the "City"), New York State (the "State"), and the United States Environmental Protection Agency (the "EPA") regarding the implementation of the Safe Drinking Water Act of 1974, 42 U.S.C. §§ 300f *et seq.* (the "SDWA"). They petition for review of two "final actions" by the EPA: (1) an April 25, 2007 letter from the EPA highlighting the State's non-compliance with certain EPA regulations regarding administrative penalties and temporarily postponing the previously scheduled transfer to the State of

2

primary enforcement responsibility ("primacy") over the Catskill and Delaware watersheds until the State complies with the relevant regulations; and (2) a July 30, 2007 Filtration Avoidance Determination ("FAD"), which required the City to spend additional monies on land acquisition in the Catskill and Delaware watershed regions.

As a threshold matter, the EPA argues that, under the "case-or-controversy" requirement of Article III of the Constitution, the Towns lack standing to bring this petition because they have not suffered any "injury-in-fact," *i.e.*, an invasion of a legally protected interest that is "concrete and particularized . . . and [ ] actual or imminent, not conjectural or hypothetical".[1] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted); *see also id.* at 560-61 (holding that the three elements of Article III standing are (1) an "injury in fact" that is (2) causally related ("fairly traceable") to the challenged action and (3) likely to be redressed by a favorable court decision). In response, the Towns have proposed four injuries that, in their opinion, confer Article III standing: (1) breach of a Memorandum of Agreement signed by the parties in 1997 (the "MOA"), which scheduled the transfer of primacy for May 15, 2007 and capped the City's acquisition of land and easements in the Catskill and Delaware watershed regions of New York at $300 million; (2) loss of an opportunity to have the State conduct a cost-benefit analysis that would weigh the City's land acquisition against the preservation of local "community character," pursuant to the New York State Environmental Quality Review Act, 6 N.Y. Comp. Codes R. & Regs. §§ 617 *et seq.*; (3) an injury to the Towns' "legal right to determine the future economic and planning goals for their communities;" and (4) a shared interest in the City's water supply.

We raise *nostra sponte* a related question about standing: assuming *arguendo* that petitioners'

---

[1] At oral argument, the State and the City stated that they did not join in the EPA's argument regarding lack of an injury-in-fact.

3

alleged harms are cognizable as injuries-in-fact, are they likely to be redressed by a favorable court decision? *See Lujan*, 504 U.S. at 560. Redressability is the "non-speculative likelihood that the injury can be remedied by the requested relief." *W.R. Huff Asset Management Co., LLC v. Deloitte & Touche LlP*, __ F.3d __, No. 06-1664-cf, 2008 WL 5076825, at *4 (2d Cir. Dec. 3, 2008). "[I]t must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561 (internal quotation marks omitted). "Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 107 (1998).

Despite any injury the Coalition may allege, any relief this Court could provide is speculative. Even if we were to hold that the EPA was required by the MOA to transfer primacy to the State in May 2007, as opposed to September 2007, when they actually transferred primacy, there is no basis for us to conclude that petitioners would more likely than not be in any different position than they are now. While the State might have been required by state regulations and laws to perform a cost-benefit review of the substance of the July 2007 FAD, petitioners do not point to any evidence suggesting that the State's analysis would have substantially differed from the EPA's, or would remedy any injury alleged by petitioners. Indeed, the State's intervention in this case on the side of the EPA and in support of the June 2007 FAD leads us to conclude that the State would have promulgated substantially the same determination.

\* \* \*

For the foregoing reasons, we **DENY** the Towns' petition for review and enter judgments for respondents. We take no position on whether the Coalition met its injury-in-fact requirement.

4