12-964-cv
Azim v. NYC Taxi and Limousine Commission

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 18th day of July, two thousand thirteen.

Present:        AMALYA L. KEARSE,
                ROSEMARY S. POOLER,
                DEBRA ANN LIVINGSTON,
                        *Circuit Judges*.

_____

AHASANUL AZIM, on behalf of himself and all others similarly situated, ALBERTO VAZQUEZ, on behalf of himself and all others similarly situated, JEAN-CLAUDE CHARLITE, on behalf of himself and all others similarly situated,

                        *Plaintiffs-Appellants*,

                -v-                                             12-964-cv

CYRUS VANCE, JR.,

                        *Defendant*,[1]

NEW YORK CITY TAXI AND LIMOUSINE COMMISSION, DAVID S. YASSKY, CITY OF NEW YORK,

                        *Defendants-Appellees*.

_____

Appearing for Appellants:        Peter Wang, Wang Law Offices, New York, NY.

_____

[1]  The Clerk of the Court is directed to amend the official caption as shown above.

Appearing for Appellees:        Tahirih Mehrie Sadrieh (Edward F. X. Hart, *on the brief*),
                                *for* Michael A. Cardozo, Corporation Counsel of the City
                                of New York,  New York City Law Department, New
                                York, NY.

       Appeal from the United States District Court for the Southern District of New York
(Kaplan, *J.*).

       **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED** that the instant appeal is **DISMISSED** for lack of jurisdiction.

       Appellants Ahasanul Azim, Alberto Vazquez, and Jean-Claude Charlite, on behalf of
themselves and all others similarly situated, appeal from the district court's February 10, 2012
judgment granting the motion of defendants New York City Taxi & Limousine Commission, David
Yassky, and the City of New York (collectively the "City Defendants"), which it converted into a
motion for summary judgment, on the ground that none of the plaintiffs had standing.  We assume
the parties' familiarity with the underlying facts, procedural history, and specification of issues
for review.

       "In order to have standing to bring suit, a plaintiff is constitutionally required to have
suffered (1) a concrete, particularized, and actual or imminent injury-in-fact (2) that is traceable
to defendant's conduct and (3) likely to be redressed by a favorable decision." *Woods v. Empire
Health Choice, Inc.*, 574 F.3d 92, 96 (2d Cir. 2009); *see also Lujan v. Defenders of Wildlife*, 504
U.S. 555, 560-61 (1992).  In the context of a claim for injunctive or declaratory relief, a
plaintiff's allegation of past injury is insufficient to establish standing; instead the plaintiff must
show a likelihood of future harm, a "real and immediate threat of repeated injury."  *City of Los
Angeles v. Lyons*, 461 U.S. 95, 102, 104 (1983) (internal quotation marks omitted); *see also
McCormick ex rel. McCormick v. Sch. Dist. of Mamaroneck*, 370 F.3d 275, 284 (2d Cir. 2004).
Plaintiffs alleged that they "have suffered or will suffer as a result of the NYC Taxi and
Limousine Commission and the New York County District Attorney using Global Positioning
System ("GPS") technology to prosecute plaintiffs administratively and criminally . . . ."
Complaint ¶ 1, *Azim v. N.Y.C. Taxi & Limousine Comm'n*, No. 11 Civ. 2921, 2012 WL 399934
(S.D.N.Y. Feb. 6, 2012).

       As the plaintiffs only sought prospective remedies (including monetary relief ancillary to
those remedies), and provided only conjectural allegations of future harm, the district court
concluded that their allegations did not satisfy the constitutional requirement that plaintiffs
Vazquez and Charlite allege a concrete and particularized injury-in-fact.  Because Vazquez
settled his administrative hearing, the district court concluded that any possible harm had already
been done.  *See O'Shea v. Littleton*, 414 U.S. 488, 495 (1974) ("Past exposure to illegal conduct
does not in itself show a present case or controversy regarding injunctive relief . . . .").
Similarly, despite Charlite's rejection of a proposed settlement, the district court determined
Charlite suffered no injury where City Defendants filed no charges of any type against him, and
Charlite decided upon his own accord to no longer drive a cab.  Given the tenuous nature of
these "some day" injuries "without any description . . . or indeed any specification of *when* the

some day will be," *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) (internal quotation marks omitted), the district court concluded these allegations did not support a finding of the "actual or imminent" injury that standing requires.

As to Azim, who had his license already revoked because he was found to have "overcharged passengers 177 times," and had not sought review of that decision under 35 RCNY § 68-18 by filing a written appeal within 30 days, but instead pursued only prospective relief, the district court found Azim failed to demonstrate redressability. *See Coalition of Watershed Towns v. U.S. E.P.A.*, 552 F.3d 216, 218 (2d Cir. 2008) (stating redressability is the "non-speculative likelihood that the injury can be remedied by the requested relief") (internal quotation marks omitted); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998).

Although we largely agree with the district court's analysis, "standing is to be determined as of the commencement of suit." *Lujan*, 504 U.S. at 570 n.5; *accord Comer v. Cisneros*, 37 F.3d 775, 791 (2d Cir. 1994). Here, City Defendants admit that when the complaint was filed on April 29, 2011, plaintiffs were still "all New York City taxicab drivers, licensed by the New York City Taxi and Limousine Commission." Thus, the plaintiffs having not yet incurred the alleged harms, there remains a question as to whether the plaintiffs' injuries were sufficient *at the time of filing* to support standing. We need not resolve this appeal on grounds of standing, however, because the claims were properly dismissed in any event as being moot. While the standing doctrine evaluates a litigant's personal stake at the onset of a case, *Comer*, 37 F.3d at 791 (citing *Lujan*, 504 U.S. at 570 n.5), the mootness doctrine requires that "standing persists throughout the life of a lawsuit." *Amador v. Andrews*, 655 F.3d 89, 99 (2d Cir. 2011). Thus, to the extent that the plaintiffs had standing at the time of the filing, given the subsequent actions discussed above, once the named parties lost tangible interest, their claims were rendered moot. *See Bd. of Sch. Comm'rs of Indianapolis v. Jacobs*, 420 U.S. 128, 129 (1975) (stating that, in general, if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot). Having decided that the plaintiffs' claims are moot, and there having been no class certification, prior to decision on class certification, we need not and do not consider the other arguments made in this appeal. Accordingly, the appeal is DISMISSED for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3