24-1720-pr
*Henderson v. Bondi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand twenty-five.

PRESENT:
> PIERRE N. LEVAL,
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

_____

MICHAEL JOSHUA HENDERSON,

> *Plaintiff-Appellant*,

v.                                                                              24-1720-pr

PAM BONDI, UNITED STATES ATTORNEY GENERAL, DEREK S. MALTZ, ACTING ADMINISTRATOR OF THE DRUG ENFORCEMENT ADMINISTRATION, DR. SARA BRENNER, ACTING COMMISSIONER OF THE FOOD AND DRUG ADMINISTRATION, DANIEL F. MARTUSCELLO, III, COMMISSIONER OF THE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, ANN MARIE SULLIVAN, COMMISSIONER OF THE OFFICE OF MENTAL HEALTH, DANIELLE DILL, EXECUTIVE DIRECTOR OF CENTRAL NEW YORK PSYCHIATRIC CENTER,

*Defendants-Appellees*.[*]

FOR PLAINTIFF-APPELLANT:                    Michael Joshua Henderson, *pro se*, Ossining, New York.

FOR DEFENDANTS-APPELLEES:                    No appearance.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on June 4, 2024, is **AFFIRMED**.

Plaintiff-Appellant Michael Joshua Henderson, proceeding *pro se*, brought constitutional claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against various state and federal officials. He alleged constitutional violations related to his desire to receive medical marijuana while in the custody of New York State Department of Corrections and Community Supervision ("DOCCS") and challenged the classification of marijuana as a Schedule I drug under the Controlled Substances Act ("CSA"). Shortly after filing his complaint, Henderson moved to proceed *in forma pauperis* ("IFP"), which the district court granted.

The district court *sua sponte* dismissed Henderson's third amended complaint, without prejudice, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). *See generally Henderson v. Garland*, No. 24-cv-0228 (MAD) (ML), 2024 WL 3224750 (N.D.N.Y. June 4, 2024). Henderson timely appealed. We assume the parties' familiarity with the underlying

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), the Clerk of Court is respectfully directed to amend the caption as reflected above.

facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We "review *de novo* a district court's dismissal of complaints under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Under Section 1915(e)(2)(B)(ii), an IFP action must be dismissed if the district court determines that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Because Henderson "has been *pro se* throughout [these proceedings], his pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

As a threshold matter, we agree with the district court that Henderson lacked standing to challenge marijuana's scheduling under the CSA. In order to have standing, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (internal quotation marks and citation omitted). Here, as the district court correctly pointed out, Henderson's "pleading lacks allegations which plausibly suggest that if the Controlled Substances Act did not exist, DOCCS would allow him to possess and use marijuana." *Henderson*, 2024 WL 3224750, at *3. Thus, even assuming *arguendo* that Henderson was able to successfully raise a constitutional challenge to the classification of marijuana as a Schedule I drug under the CSA, "there is no basis for us to conclude that [Henderson] would more likely than not be in any different position than [he is] now." *Coal. of Watershed Towns v. EPA*, 552 F.3d 216, 218 (2d Cir. 2008).

Moreover, we agree with the district court that Henderson failed to state a claim with respect to his remaining federal causes of action. Henderson did not state a claim under Section 1983 or *Bivens* for violations of the Eighth Amendment, Equal Protection Clause, or Due

3

Process Clause. "In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to his serious medical needs." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (alterations adopted) (internal quotation marks and citation omitted). Henderson did not sufficiently allege that any "prison official knew of and disregarded [his] serious medical needs." *Id.* at 703. In addition, Henderson's "mere disagreement over the proper treatment does not create a constitutional claim." *Id.* As to his Equal Protection Clause claim, Henderson argues that New York parolees, but not prisoners, were permitted to become certified patients and receive medical marijuana prescriptions under the New York Compassionate Care Act. However, "prisoners either in the aggregate or specified by offense are not a suspect class," and Henderson has failed to allege that the government lacks a rational basis for this distinction. *Lee v. Governor of State of N.Y.*, 87 F.3d 55, 60 (2d Cir. 1996). Finally, Henderson fails to state a Due Process claim. Although Henderson has a "protected liberty interest in refusing unwanted medical treatment," *Cruzan by Cruzan v. Dir., Mo. Dep't of Health*, 497 U.S. 261, 278 (1990), he does not, as noted *supra*, have a constitutional right to the particular medical treatment he desires—namely, to use marijuana while incarcerated.

Finally, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Henderson's state law claims. *Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

4

*      *      *

We have considered Henderson's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court